COYLE, Appellant, vs. RICHTER, Mayor, and others, Respondents.

*January 15—February 10, 1931.*

For the appellant there was a brief by *W. H. Stafford* and *Harold E. Stafford,* both of Chippewa Falls, and oral argument by *Harold E. Stafford.*

*P. J. Murphy,* city attorney, and *Alexander Wiley* of counsel, both of Chippewa Falls, for the respondents.

FAIRCHILD, J. The plaintiff's failure to make the city a party to this action created the difficulty which resulted in the ruling of the trial court of which appellant complains. That a cause of action exists in favor of the municipality seems clear. The facts in this case bring it within the rule laid down in *Neacy v. Drew,* 176 Wis. 348, 187 N. W. 218. Taxpayers may bring suits to recover property or money belonging to the municipality or to enforce any cause of action belonging to the municipality. This class of actions is for the public benefit. They are favored because of the beneficent public purpose usually sought to be served by bringing them. However, in order to have a complete determination of the issues involved the municipality must be a party. It is understood from the circumstances that the city of Chippewa Falls, acting through its officers, the defendants, would not bring the action or join as plaintiffs, but this does not excuse the plaintiff from joining the city as a defendant. Sec. 260.19, Stats. :

"The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, or any persons not par-

ties to the action have such interests in the subject matter of the controversy as require them to be made parties for their due protection, the court shall order them to be brought in; . . ."

In *McDougald v. New Richmond R. M. Co.* 125 Wis. 121, 103 N. W. 244, the court said:

"The court is not bound to wait for an objection that necessary parties are not before the court before acting in that regard. It may do so upon its own motion and may entertain an objection in regard to the matter at any time while jurisdiction to hear the case remains."

This case quoted with approval from *Mahr v. Norwich U. F. Ins. Soc.* 127 N. Y. 452, 28 N. E. 391, as follows:

"While the statute does not in terms prohibit the court from determining the controversy, unless all the necessary parties are brought in, that is impliedly commanded."

The practice in this state has been to make the municipality a party in a taxpayer's action. While the statutes of some states warrant a different practice, we do not find the necessity of making the corporate body a party has ever been questioned here. *Land, Log & Lumber Co. v. McIntyre,* 100 Wis. 245, 249, 75 N. W. 964; *Moore v. Held,* 73 Iowa, 538, 35 N. W. 623; *Shepard v. Easterling,* 61 Neb. 882, 86 N. W. 941; 1 Pomeroy, Eq. Jur. (4th ed.) § 114; 3 id. § 1095; McQuillin, Mun. Corp. § 2582 *et seq.* City a necessary party. *Osburn v. Stone,* 170 Cal. 480, 150 Pac. 367; *Saunders v. Rainey,* 141 Ga. 77, 80 S. E. 305.

A corporation is the party which ought in a proper case to bring an action for relief against the wrongdoers. When a taxpayer brings the action it is usual that a situation has arisen which would make a demand upon a municipality to bring the action futile, and then to protect the municipality's rights and in order to prevent a failure of justice an action is brought by the taxpayer against the wrongdoer, and the municipality is made a party, the action is maintained di-

rectly for the benefit of the municipality. The final relief is for its benefit. The taxpayer has an interest which entitles him to protect the municipality's interest, but the cause of action remains in the municipality.

A practice permitting taxpayers in all cases, where some wrong may be claimed, to begin actions against a particular official without notice to the city or making it a party, would result in the affairs of the city being thrown into confusion and the shifting of the management of municipal affairs from the proper and designated agency to the courts.

While the analogy may not be a perfect one, the taxpayer stands somewhat in his relation to the municipality as a stockholder to the private corporation.

In a suit to enforce a cause of action in favor of a county this court said:

"It is the corporation that has been directly injured and has the primary right to proceed. Plaintiff's interests are wholly indirect, like that of a member of any private corporation under the same circumstances. . . . Illegal acts of corporate officers, whereby its property is misapplied, squandered, or lost, are not injuries to the separate interests of its stockholders or members that can be reached and remedied in a direct action by them. As to them the injury is purely incidental and consequential, the direct injury being to the corporation itself, and must necessarily be redressed by it or for its use, for the benefit of all the members thereof. 4 Thompson, Corp. § 4476; Dillon, Mun. Corp. § 915." *Land, Log & Lumber Co. v. McIntyre,* 100 Wis. 245, 75 N. W. 964.

Rules of equity relating to suits by stockholders to prevent or redress malfeasance or *ultra vires* acts on the part of the governing bodies of private corporations require the making of the corporate entity a party; "not simply on the general principles of equity pleading in order that it may be bound by the decree, but in order that the relief, when granted, may be awarded to it, as a party to the record, by the decree," 3 Pomeroy, Eq. Jur. (4th ed.) § 1095.

The body of the municipality includes taxpayers and those who are not so classified. The interest of the latter class may be identical with the interest of the taxpayer, but they are not represented by the taxpayer and their opportunity to be heard exists in the municipality.

The plaintiff had it within his power to make the city a party defendant in the first instance. His right, upon proper terms, to bring in additional parties as the necessity for so doing arose, was not at any time denied. Good practice and the law require that no judgment affecting the interests of the city shall be binding upon the city upon the conclusion of an action to which the city was in no way a party. The circuit court was right in deciding the city to be a necessary party; but should have required the plaintiff to amend his proceedings to include the city, so that a complete determination of the controversy could have been had.

*By the Court.*—Judgment reversed, and cause remanded with instructions to make the city of Chippewa Falls a party. By reason of the failure of appellant to comply with the rules with reference to synopsis of arguments in briefs, costs will not be taxed for printing brief.