Schulz, Respondent, vs. Kissling and others, Appellants.

*May 17—June 21, 1938.*

For the appellants there was a brief by *Lockney, Lowry & Hunter* of Waukesha, attorneys for John Kissling, Fred Class, Peter F. Becker, Fred Chambers, and John E. Roberts, and by *Fisher, Cashin & Reinholdt* of Stevens Point, attorneys for the Four Wheel Drive Auto Company, and oral argument by *J. K. Lowry* and *R. T. Reinholdt.*

For the respondent there was a brief by *C. R. Dineen,* attorney, and *James E. McCarty* of counsel, both of Milwaukee, and oral argument by *Mr. McCarty.*

MARTIN, J.   The material allegations of the complaint are as follows:

(1) That plaintiff is a resident and taxpayer of the town of Menomonee, Waukesha county, Wisconsin; that he brings the action as a taxpayer of said town on behalf of himself and all other taxpayers of the town.

(2) That the individual defendants from April 1, 1935, to April 1, 1936, were, respectively, the chairman, supervisors, clerk, and treasurer of said town.

(3) That the defendant Four Wheel Drive Auto Company is a Wisconsin corporation engaged in the manufacture and sale of four-wheel-drive trucks.

(4) That the town of Menomonee is a *quasi*-municipal corporation, one of the towns in Waukesha county, and is made a party defendant for the reason that the defendants John Kissling and Fred Class constitute a majority of the town board of supervisors, the governing body of said town, and that their interests are adverse to the interests of the plaintiff, and that the consent of said town to be joined as a party plaintiff could not be obtained.

(5) That according to the provisions of the statutes of the state of Wisconsin, town boards and town officers are limited in the disbursement of moneys belonging to the town, by the provisions of sec. 60.29, Stats., and in the allowance and payment of bills under sec. 60.33 (2), Stats., and by the provisions of sec. 60.35, Stats., which provides that no order shall be signed or issued for the disbursement of any town money until the tax for the payment of such order shall have been voted by the electors of such town, and that no town board shall authorize the issue of any order in

a sum exceeding the amount which the town is authorized to appropriate for the purpose for which such order is issued, and further, that the provisions of ch. 81, Stats., relating to the disbursement of funds for highway purposes, and more particularly sec. 81.01, specifically limits the expenditure which the town board may make in providing machinery, implements, material, and equipment for highway purposes, to the sum of $1,000 in any one year, unless a greater sum be authorized by the town meeting.

(6) That the defendants John Kissling, Fred Class, and Peter F. Becker, acting as the town board of the town of Menomonee, did, during the fiscal year from April 1, 1935, to April 1, 1936, disburse out of the general funds of the town of Menomonee, in violation of the provisions of sec. 81.01, Stats., moneys in excess of the sum of $1,000 without said sum being authorized at the annual meeting of the electors, in that they did on May 20, 1935, purchase from the defendant Four Wheel Drive Auto Company one Model B' truck for the sum of $1,200, and in that they did on January 4, 1936, purchase from the Four Wheel Drive Auto Company one Model H. S. truck for the sum of $2,620 in cash and a trade-in value on the truck purchased in May, 1935, of $870.

(7) That defendants Kissling, Class, and Becker, acting as the town board, did, in violation of sec. 60.33 and sec. 60.35, Stats., act upon, consider, and allow the claim of the Four Wheel Drive Sales Company, as agent for the defendant Four Wheel Drive Auto Company, in the sum of $1,200 on the 9th day of July, 1935, which claim did not specifically state each item, the date, the amount, or the nature thereof separately, and which was not verified by affidavit of the claimant, its agent, or attorney, and that under date of July 8th, there was issued a town order on the general funds, payable to the order of the Four Wheel Drive Sales Com-

pany, agent of the defendant Four Wheel Drive Auto Company in the sum of $1,200, signed by the defendant Kissling as chairman, the defendant Fred Chambers as town clerk, which order was paid by the defendant John E. Roberts as town treasurer.

(8) That the defendants Kissling, Class, and Becker, as the town board of the town of Menomonee, in violation of the provisions of sec. 60.33, Stats., did on or about the 9th day of March, 1936, act upon, consider, and allow a statement of the Four Wheel Drive Auto Company in the sum of $2,620, which statement was not in compliance with said section in that it was not verified by affidavit of the claimant, its agent, or attorney, and that the said members of the town board, the defendant Chambers as town clerk, and the defendant Roberts as town treasurer, in violation of the provisions of sec. 60.35, did on or about the 9th day of March, 1936, issue a town order to the Four Wheel Drive Auto Company in the sum of $2,620, signed by the defendant Kissling as town chairman, the defendant Chambers as town clerk; that said order was paid by the defendant Roberts as town treasurer to said Four Wheel Drive Auto Company out of the general funds of the town, contrary to the provisions of said section of the statutes, in that no tax for the payment of such order had been voted by the electors of the town prior to the issuance of such order.

(9) That the defendants, other than the defendants, Four Wheel Drive Auto Company and the town of Menomonee, in the allowance of the claims as stated and the payment out of the general funds of the town treasury of the amounts stated to said Four Wheel Drive Auto Company, have illegally disbursed the funds of the town, contrary to the specific prohibition provisions of secs. 60.33, 60.35, and 81.01, Stats., and that said defendants are liable by reason of their said misconduct in the allowance and payment of said claims,

to the taxpayers of the town of Menomonee for the repayment thereof.

(10) That defendant Four Wheel Drive Auto Company, through its agent, Four Wheel Drive Sales Company, has unlawfully received from the town of Menomonee, the sum of $3,490, which said sum this plaintiff alleges should be repaid into the treasury of the town of Menomonee.

This action was originally begun against the defendants Kissling, Class, Becker, and Chambers. Thereafter, an amended summons and complaint were served upon the original defendants and including the defendants, Roberts, Four Wheel Drive Auto Company, and the town of Menomonee, the town being made a party defendant pursuant to sec. 260.12, Stats., which provides:

"260.12 *Parties united in interest to be joined.* Of the parties to the action those who are united in interest must be joined as plaintiffs or defendants; but if the consent of anyone who should be joined as plaintiff cannot be obtained he may be made a defendant, the reason thereof being stated in the complaint. . . ."

It is alleged in the complaint that the town is made a party defendant because its consent to be joined as a party plaintiff could not be obtained because all of the town officers are individually made defendants and their interests are adverse to the interests of the plaintiff. In order to have a complete determination of the issues involved, the municipality must be a party. See *Coyle v. Richter,* 203 Wis. 590, 592, 234 N. W. 906.

Sec. 81.01 (3), Stats., relative to the duties and powers of a town board, provides:

"It shall be the duty of each town board and it is given power: . . .

"(3) To provide machinery, implements, material and equipment needed to construct and repair said highways and bridges, . . . but the total sum spent under this subsec-

tion shall not exceed one thousand dollars in any year, unless a greater sum be authorized by the town meeting."

Sec. 60.29, Stats., so far as material, provides:

"Such board is empowered and required: . . .

"(2) *Orders on treasury.* To draw all orders for the payment of money out of the town treasury for purposes allowed by law, except for the support of schools. . . .

"(5) *Collect demands due town.* To demand payment into the town treasury of all penalties and forfeitures recoverable by the town, and all damages suffered by the town by breaches of official bonds, by injuries to its property or by other injuries; and, in case of failure to comply with such demand, to bring and prosecute proper actions or proceedings to recover the same."

Sec. 60.33 (2), Stats., as to the duties of the board of audit, provides:

"It shall be the duty of such board of audit: . . . (2) To examine and audit every account, or demand for which a money judgment only is demandable, presented against the town, and to indorse thereon the amount allowed and disallowed, stating the items; and no allowance shall be made on any account which does not specifically state each item, with the date, amount and nature thereof separately. Such statement shall be verified by the affidavit of the claimant, his agent or attorney and filed with the town clerk; and no such claim against any town shall be acted upon or considered by any town board unless such statement shall have been so made and filed."

Sec. 60.35 (1), Stats., so far as material, provides:

". . . But no order shall be signed or issued for the disbursement of any money of such town until the tax for the payment of such order shall have been voted by the electors of such town or until the town board shall have authorized the issue of such order; and no town board shall authorize the issue of any order in a sum exceeding the amount which the town is authorized to appropriate for the purpose for which such order is issued. . . ."

Specific violations of secs. 60.33, 60.35, and 81.01 (3), Stats., are alleged. By demurrer the facts so alleged are admitted.

The appellants contend:

(1) That the cause of action for the recovery of the town funds alleged to have been unlawfully expended is in the defendant town, and the action for the enforcement of such cause of action belongs primarily to the corporation and not to the individual taxpayers or members thereof.

(2) That the complaint is fatally defective in that it does not allege that the action is brought for the benefit of the defendant town.

(3) That the plaintiff as a taxpayer cannot maintain the action because it is not alleged that he requested the electors of the town as a body to bring the action in the name of the town.

(1) In *Wilcox v. Porth,* 154 Wis. 422, 143 N. W. 165, the action was brought by plaintiffs as residents and taxpayers of the city of Green Bay, for and in their own behalf and all other taxpayers of the city, to recover from the defendants, the mayor and a majority of the common council of the city of Green Bay, the sum of $734, for the benefit of the city. The complaint alleged that said sum was unlawfully paid out of the funds of the city by the direction of the defendants as city officers. The mayor and members of the city council answered that they acted in good faith in authorizing the payment of the amount involved to the contractor; that they believed that the same was justly and legally due him. The plaintiffs demurred to the answer on the ground that the facts alleged did not constitute a defense. The court sustained the demurrer. Defendants appealed. The appellants contended that the plaintiffs, private persons as residents and taxpayers, could not sue to recover the money actually paid out by the city; that such persons have the right

only to protect their interests and those of the public generally by means of an injunction to prevent unlawful appropriation and squandering of public funds. The court said (p. 425):

"It is apparent from the facts that the city mayor and a majority of the common council, who participated in the authorizing of this appropriation and the payment thereof out of the city treasury, would not take the necessary steps to institute an action to recover this sum from themselves and thus restore it to the city, and that it would be futile to insist that demand be made upon them to commence such an action for this purpose. Under these circumstances it was proper for the plaintiffs to commence this action in behalf of themselves and all others similarly situated to compel restoration of this money to the city treasury." Citing *Chippewa Bridge Co. v. Durand,* 122 Wis. 85, 99 N. W. 603; *Egaard v. Dahlke,* 109 Wis. 366, 85 N. W. 369, and cases cited; *Northern Trust Co. v. Snyder,* 113 Wis. 516, 89 N. W. 460; *Webster v. Douglas County,* 102 Wis. 181, 77 N. W. 885, 78 N. W. 451; *Land, Log & Lumber Co. v. McIntyre,* 100 Wis. 245, 75 N. W. 964.

To the same effect, see *Coyle v. Richter,* 203 Wis. 590, 234 N. W. 906, in which it is said at p. 592:

"Taxpayers may bring suits to recover property or money belonging to the municipality or to enforce any cause of action belonging to the municipality. This class of actions is for the public benefit. They are favored because of the beneficent public purpose usually sought to be served by bringing them. However, in order to have a complete determination of the issues involved the municipality must be a party. . . . The practice in this state, has been to make the municipality a party in a taxpayer's action. . . . [Citing cases.] A corporation is the party which ought in a proper case to bring an action for relief against the wrongdoers. When a taxpayer brings the action it is usual that a situation has arisen which would make a demand upon a municipality to bring the action futile, and then to protect the municipality's rights and in order to prevent a failure of justice an

action is brought by the taxpayer against the wrongdoer, and the municipality is made a party, the action is maintained directly for the benefit of the municipality. The final relief is for its benefit. The taxpayer has an interest which entitled him to protect the municipality's interest, but the cause of action remains in the municipality."

Of course, it is conceded that the cause of action for the recovery of the funds unlawfully expended is in the town. Ordinarily, the town is the proper party to bring the action. It is the duty of the town to do so under the law, but all our decisions recognize that town officials will not cause actions to be brought against themselves, and that under facts such as disclosed in the instant case, a taxpayer may bring the action. Such actions are not only permitted, but as said in *Coyle v. Richter, supra,* they are favored because of the beneficent public purpose usually sought to be served by bringing them.

(2) The appellants' second contention is that the complaint is fatally defective because it does not allege that the action is brought for the benefit of the town. The complaint does allege "that the action is brought by the plaintiff as a taxpayer of the defendant town on behalf of himself and all other taxpayers of said town." There is the further allegation "that said defendants are liable by reason of their said misconduct in the allowance and payment of said claims, to the taxpayers of the town of Menomonee for the repayment thereof," etc., but these allegations are followed by the concluding paragraph of the complaint which alleges "that the defendant, Four Wheel Drive Auto Company, through its agent, Four Wheel Drive Sales Company, has unlawfully received from the town of Menomonee, the sum of $3,490, which said sum this plaintiff alleges should be repaid into the treasury of the town of Menomonee, for the benefit of the taxpayers of the town of Menomonee."

The appellants' contention in this regard is without merit. The allegations of the complaint show that the cause of action belongs to the municipality, that the consent of the town to be joined as a party plaintiff could not be obtained because all the town officers are individually parties defendant. As said in *Coyle v. Richter, supra:* "This class of actions is for the public benefit." If a recovery is had, the amount recovered will be restored to the town treasury of the town of Menomonee. When that time arrives it will be the duty of the court to see that the proper judgment is entered.

(3) The appellants' final contention is that plaintiff, as a taxpayer of defendant town, cannot maintain this action because he has not requested the electors of the town, as a body, to bring the action in the name of the town. This contention is contrary to all our decisions. The only requirement in that regard is that a demand be made upon the proper town officials to bring the action. If the town refuses to bring the action the taxpayer may bring it, naming the town as a party defendant, and allege that the consent of the town to join as a party plaintiff could not be obtained, giving the reason or reasons therefore, or allege such other facts as may show that the demand would be futile. It is so held in *Coyle v. Richter, supra, Wilcox v. Porth, supra,* and the cases therein cited. The complaint states a cause of action as to all defendants and the demurrers were properly overruled.

*By the Court.*—Order affirmed.