YATES, Appellant, vs. HELSTERN, Sheriff, imp., Respondent.

*May 7—June 4, 1940.*

For the appellant there was a brief by *Tom L. Yates* of Amery in *pro. per.* and *Frederick F. Hillyer* of Madison of counsel, and oral argument by *Mr. Yates*.

For the respondent the cause was submitted on the brief of *Nelton & McGinnis* of Balsam Lake.

FAIRCHILD, J. The cause of action appearing from the pleadings is to recover for the county money now in the hands of the defendant Helstern. The question to be decided on this appeal is whether an action can be maintained at the behest of a taxpayer without authorization by the county board of supervisors for and on behalf of the county, against one who claims to have the right to certain moneys in his possession where the county board is so constituted that demand on it for action would be futile.

This action was begun June 14, 1939. There were no formal proceedings on any resolution referring directly to the commencement of an action by the county to recover this money. A written resolution was not introduced into the board until August 22, 1939. The proceedings of the county board prior to June 14th are disclosed by the pleadings and the evidence. The court below decided the case upon the point that the taxpayer's action was prematurely brought.

It is shown that the plaintiff is a member of the county board of supervisors of Polk county, and that he had investigated the question of the ownership of the moneys, and found that an amount of at least $228.50 belonging to the county was in the possession of the defendant. His report to the board in May was at a regular meeting. Immediately following this report he urged that action be taken to collect from the defendant the amount in question. The response to this request was the adoption by the board of a motion providing: "That the sheriff's bills already allowed and paid be accepted by the board." This was a sufficient declaration of the board's attitude on the matter to show it to be in opposition to bringing any proceeding to recover the county's property, and warranted the taxpayer, under these circumstances, in beginning this action. It then became apparent that the board of supervisors was hostile to any attempt to interfere with the defendant's retention of the money. This

was a refusal to bring an action, and gave plaintiff his right to sue. The claim of the plaintiff, if well founded, entitles the county to the benefit of that money. *Northern Trust Co. v. Snyder,* 113 Wis. 516, 89 N. W. 460; *Schulz v. Kissling,* 228 Wis. 282, 280 N. W. 388; *Reetz v. Kitch,* 230 Wis. 1, 283 N. W. 348.

Because the trial court was of the opinion that something more definite or formal disclosing the attitude of the board be done before the action could be begun by plaintiff, it ruled that the complaint was prematurely made and declined to decide the case upon the merits. This was error, and to set matters right the case must go back for findings of fact and conclusions of law and the entering of a proper judgment.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.