Nettleton v. Kerr, 167 Ill. App. 74.

---

### Ralph E. Nettleton et al., Appellees, v. Robert J. Kerr, Appellant.

## Gen. No. 16,074.

1. TROVER—*what essential to recovery.* Trover is a possessory action, and before the plaintiff can recover he must show a tortious conversion of the chattel, a right of property in it, and a right to the immediate possession of it. He must show a right to possession that is absolute and unconditional and not dependent on some act to be performed. He must recover on the strength of his own title and not on the weakness of the title of his adversary.

2. TROVER—*when demand insufficient.* If at the time a demand was made the plaintiff did not have the right to the present possession, such demand is unavailing.

Trover.  Appeal from the Superior Court of Cook county; the Hon. ROBERT W. WRIGHT, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1909.  Reversed.  Opinion filed January 17, 1912.  *Certiorari* denied by Supreme Court (making opinion final).

KERR & KERR, for appellant.

HENRY W. LEMAN and FRANK H. CULVER, for appellees.

MR. JUSTICE GRAVES delivered the opinion of the court.

On March 15, 1909, a firm known as Piper Bros. purchased from one A. B. Nettleton (appellees' intestate), 746 shares of the capital stock of the Piper Texas Plantation Company for $12,000, to be paid for; part in cash and part in the notes of Piper Bros., payable to appellees' intestate.  On March 16, 1909, certificates for all the stock bargained for were delivered by A. B. Nettleton to Piper Bros., except certificate No. 3 for 25 shares of preferred stock and certificate No. 7 for 50 shares of common stock which Nettleton could not find.  At that time Nettleton prepared, signed and delivered to Piper Bros. a statement in the form of a letter which was in part as follows:

"* * * * * * Certificate No. 7 for 50 shares of common stock and certificate No. 3 for 25 shares of preferred stock, both standing in my name are unfortunately not in Chicago but are in Brownsville, Texas, and will be delivered to you within ten days from this date, your attorney Mr. R. J. Kerr, to hold, pending delivery to you of said last two certificates, the note for $3,000, dated March 16, 1909, due ten months after its date to my order, given by you as part payment for the stock this day sold to you and to deliver said note upon my order after receiving from you due notice that you have received the last two named certificates representing 75 shares." * * * * *

Piper Bros. thereupon delivered to the attorney, Robert J. Kerr, named in the statement, appellant

here, the $3,000 note mentioned in the statement, and appellant wrote on the back of the statement the following, "Received the within mentioned note for $3,000 under the terms of the within letter. Robert J. Kerr." On April 8, 1909, A. B. Nettleton sent to Piper Bros. two certificates of stock corresponding in description to the two certificates mentioned in the letter or statement of March 16, 1909, but which were each marked "Cancelled" in three places on the face and in one place on the back by the imprint of a rubber stamp, and with these certificates Nettleton sent a letter in which he said the certificates had been cancelled by mistake. There is no evidence in the record that any certificates were ever issued in lieu of the two so marked cancelled. On April 12, 1909, Nettleton made formal demand on appellant for the note in question. There is no evidence in the record, nor is it contended, that Piper Bros. had then, or have since, notified appellant that they had received the two certificates in question. Appellant did not deliver the note in question to Nettleton, as requested in the demand for the same, and on April 28, 1909, Nettleton brought this suit in trover against appellant, claiming as damages $3,013.50, the same being the amount of the face value of the note and the accrued interest thereon. The case was tried by the court without a jury and resulted in a finding and judgment for the plaintiff for the sum of $3,076.28 and for costs. Pending this appeal, A. B. Nettleton, plaintiff below, died, and Ralph E. Nettleton and Burton Cobb Hamilton, his executors, were substituted as appellees.

Trover is a possessory action, and before the plaintiff can recover he must show a tortious conversion of the chattel, a right of property in it, and a right to the immediate possession of it. Owens v. Weedman, 82 Ill. 409. He must show a right to possession that is absolute and unconditional and not dependent on some act to be performed. Frink v. Pratt & Co., 130 Ill.

327.    He must recover on the strength of his own title and not on the weakness of the title of his adversary.    Davidson v. Waldron et al., 31 Ill. 120.

In the case at bar, before Nettleton could rightfully recover, it was incumbent on him to prove that all the conditions contained in the statement under which the note was placed in the hands of appellant had been complied with.    This he failed to do.    The conditions named in that statement were that Nettleton should deliver to Piper Bros. certificate No. 7 for 50 shares of common stock and certificate No. 3 for 25 shares of preferred stock, and that Piper Bros. should notify appellant that they had received those certificates.    Neither of the conditions had been performed when demand was made by Nettleton for the note and when this suit was begun.    The only attempt Nettleton made to comply with the first condition was to deliver to Piper Bros. two certificates corresponding in general description to the ones he agreed to deliver, but which had been marked cancelled.    True, he says they were marked cancelled by mistake, but even if they were marked cancelled by mistake, they in fact bore on their face and back the evidence of cancellation, and in that shape did not even purport to be valid existing certificates and had no evidentiary value as such.    It was shares of stock Piper Bros. bought, which shares of stock were to be evidenced by certificates.    While in a suit for dividends, or to require the issuance of new certificates in lieu of those marked cancelled, these certificates could undoubtedly be introduced in evidence, upon satisfactory proof being introduced that the cancellation of them had been made by mistake, it would require an adjudication by a court having jurisdiction to determine the question, to establish their validity as existing certificates, and Piper Bros. were under no obligation to accept them on the mere word of Nettleton that they had been cancelled by mistake, and assume the obligation of es-

tablishing their validity, particularly when they were not personally cognizant of the fact that the same were so cancelled by mistake and would be forced to rely on such proof on that question as they might be able to secure from Nettleton, even if he could be found and his testimony secured when desired.    The delivery of these certificates was not a compliance with the conditions providing for the delivery of certificates Nos. 3 and 7, and Piper Bros. could not, in consonance with the truth, notify appellant that they had received the certificates mentioned in the stipulation, and it is not claimed they did give any such notice.

The evidence, therefore, fails to show that Nettleton, at the time he demanded of appellant the possession of the note, or at the time this suit was commenced, was entitled to the present possession of it. The failure of appellant, under this state of facts, to deliver the note on that demand was not a conversion of the note, and the finding and judgment of the court should have been for appellant.

The judgment of the court below is, therefore, reversed with the finding of facts that the conditions under which appellant was to deliver the note in question to A. B. Nettleton were not complied with, and that appellant was not guilty of conversion of the note.

*Judgment reversed.*