(No. 17969.—Judgment reversed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE H. WILDEMAN, Plaintiff in Error.

*Opinion filed April 20, 1927.*

1. BAILMENTS—*what does not constitute bailment.* Where the identical thing delivered is to be restored in the same or an altered form the contract is one of bailment and title to the property remains in the bailor, but where there is no obligation to restore the specific article and the receiver is at liberty to return another thing of equal value or its money value he becomes a debtor to make such return, and the title to the property passes to him.

2. CRIMINAL LAW—*what does not constitute offense of larceny as bailee.* To constitute the offense of larceny as bailee there must be a bailment and the relationship of bailor and bailee, and one engaged in the business of selling bonds who takes a bond of a customer with the avowed purpose of exchanging it for another but becomes insolvent after selling the bond cannot be charged with larceny as bailee, as the relation created by the transaction between the bond broker and the customer is that of debtor and creditor and not the relation of bailee and bailor.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. GEORGE FRED RUSH, Judge, presiding.

JOSEPH B. LAWLER, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and MERRILL F. WEHMHOFF, (EDWARD E. WILSON, and CLARENCE E. NELSON, of counsel,) for the People.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was indicted in the criminal court of Cook county charged in the first count of the indictment with larceny as bailee, in the second count with confidence game, and in the third count with larceny. On election by the People the cause went to the jury on the charge of lar-

ceny as bailee, and plaintiff in error was convicted of larceny as bailee of a $500 bond of the complaining witness, Jeane W. Hubbard, of the value of $457.50. He brings the case here on writ of error.

It appears from the record that plaintiff in error was engaged in the business of selling bonds in the city of Chicago under the name of Wildeman & Co. and had been engaged in that business for a period of about ten years, and through one of his employees had sold to the complaining witness in April, 1924, a $500 bond of the Union Public Service Company for 91½. On October 30, 1925, he wrote to her that the bond she had purchased had gone down in value and suggested that she exchange or sell it. In response to this letter she went to his office on November 7 and turned the bond over to him. At that time he told her he thought he could get a Commonwealth Light and Power Company bond at about that same figure but that it would take some time to procure it. By his cashier he gave her a receipt for her bond, reciting that the same was "to be exchanged for $500 Commonwealth Lt. & Pr. 6's 47 with interest adjusted." The complaining witness testified that she called at different times thereafter to secure the bond he was to purchase in place of the bond she had turned over to him; that she did not ask for the return of her own bond, because she expected to get another one which he was to purchase for her. She also stated that on the occasion of one of her vistis to his office she had a conversation with him in which he told her that in case he could not deliver her a Commonwealth bond he would deliver her some other good bond, and that she told him that whatever he decided in the matter would be satisfactory to her. It appears that shortly after December 20, 1925, the sheriff of Cook county levied on the office furniture and property of plaintiff in error under an execution and a few days thereafter sold the same to satisfy this execution. It also appears that his bank account was garnisheed, and that

a few days thereafter he was arrested on the charge involved in this case. He testified that he sold the complaining witness' bond and placed the funds in his account in the bank, and that owing to the closing up of his business by the sheriff and the consequent injury to his credit he was unable to negotiate for a Commonwealth bond or any other.

The question presented at the threshold of the case is whether the above transactions can be made the basis of the charge of larceny as bailee. In order that such an offense exist there must be a bailment and the relationship of bailor and bailee. Plaintiff in error argues that the relationship between himself and the complaining witness was that of debtor and creditor, only, and that no bailment existed. The rule with reference to bailments is, that when the identical thing delivered is to be restored in the same or an altered form the contract is one of bailment and title to the property remains in the bailor, but when there is no obligation to restore the specific article and the receiver is at liberty to return another thing of equal value or the money value, he becomes a debtor to make such return and the title to the property by such transaction passes to him. *Wetherell* v. *O'Brien,* 140 Ill. 146; *Chickering* v. *Bastress,* 130 id. 206; *Richardson* v. *Olmstead,* 74 id. 213; *Lonergan* v. *Stewart,* 55 id. 44; Jones on Bailment, (2d ed.) 102; 1 Bouvier's Law Dict. (Rawle's 3d rev.) 314.

Counsel for the People argue that while such is the rule as to bailments it has been applied only in civil cases, and that in this case plaintiff in error is guilty of larceny as bailee under the provisions of the statute providing that if any bailee of a bank bill, note, money or other property shall convert the same to his own use with intent, etc., he shall be guilty of larceny. There must, however, in any event be a bailment in order that the relationship of bailee exist. There is no bailment here, and therefore no bailee or larceny as bailee. The relationship existing between plaintiff in error and the complaining witness was that of

debtor and creditor. It was error, therefore, to enter a judgment on the verdict.

Other objections are raised, but under the view we take of this question it is unnecessary to consider them.

The judgment is reversed.                    *Judgment reversed.*