**LEE WOODWORKING COMPANY,**
Plaintiff-Appellee,

v.

**HUB PLATING WORKS, Inc.,**
Defendant-Appellant.

**LEE WOODWORKING COMPANY,**
Plaintiff-Appellant,

v.

**HUB PLATING WORKS, Inc.,**
Defendant-Appellee.

Nos. 11015, 11016.

United States Court of Appeals
Seventh Circuit.

Nov. 17, 1954.

Rehearing Denied Jan. 7, 1955.

Edwin A. Dvorak, Chicago, Ill., **for** Lee Woodworking Co.

James A. Howe, Chicago, Ill., for Hub Plating Works.

Before SWAIM and SCHNACKENBERG, Circuit Judges, and PLATT, District Judge.

PLATT, District Judge.

The defendant Hub Plating Works, Inc. appealed from a judgment of $5140 entered after a trial without a jury. Plaintiff Lee Woodworking Company has filed a cross-appeal. The complaint alleged a breach of contract and asked a judgment for loss of profits. Plaintiff was in the business of assembling and selling chrome chairs. The defendant was engaged in the processing, fabricating and plating of tubular steel into S type chrome frames and chairs. The plaintiff on four different occasions in October and December, 1945, ordered these frames from the defendant in large quantities. The steel was in very great demand at the time of the placement of these orders. Plaintiff procured from the Republic Steel Corporation 10,140 pieces of steel which were delivered to the defendant on August 30, 1946. The plaintiff paid $1000 on the purchase price thereof, and the defendant paid the balance of $5675. The steel was delivered to the defendant who sent to the plaintiff 5000 S type chair frames made from this steel. In addition defendant delivered a large number of frames to the plaintiff but did not completely fill the plaintiff's orders. Plaintiff was given credit in the transactions for $1000 paid on the purchase price of the steel. The district court concluded, as a matter of law, that the orders of the plaintiff and their acceptances by the defendant did not constitute binding contracts. It was further concluded by the court that the plaintiff was entitled to damages of $5140, and entered judgment in accordance therewith. The defendant presented a motion to vacate judgment, and for a new trial. The court denied this motion, and the defendant has filed this appeal.

The district court erroneously entered judgment for $5140. The judgment cannot be sustained on the theory of damages for breach of contract, because the court concluded there was no contract. The court indicated that judgment was entered on the ground that the defendant converted 5140 pieces of steel to its own use. We must also reject such a basis. Both the plaintiff and the defendant agree in their briefs there is neither the evidence, findings of fact, nor conclusions of law upon which a judgment in trover could be based. It is fundamental that the plaintiff would be required to prove title to the property and the right to immediate possession before it could recover in trover. Nettleton v. Kerr, 167 Ill.App. 74; Ridge v. Giffrow, 220 Ill.App. 590. Since there was no evidence that the defendant was to process the particular steel into frames for the plaintiff there could be no bailment, and the title to this steel passed to the defendant. Lonergan v. Stewart, 55 Ill. 44; People v. Wildeman, 325 Ill. 99, 101, 156 N.E. 257, 52 A.L.R. 500. As further evidence of sale and that title passed is the fact that the defendant paid for this steel, except for $1000, which amount was credited on plaintiff's account. Obviously damages could neither be awarded for anticipation of profit where there was no contract, nor could damages be awarded for the market value of the steel, when there was no conversion.

As the case must be re-tried it is unnecessary to discuss the other questions in the case.

Reversed and remanded.