2 Ill. App.3d 978 (1971)
276 N.E.2d 89
HOBSON'S TRUCK SALES, INC., Plaintiff-Appellant,
v.
CARROLL TRUCKING, INC., Defendant-Appellee.
No. 70-204.
Illinois Appellate Court  Third District.
November 30, 1971.
*979 David Radley, of Peoria, for appellant.
Bruce R. Becker, of Peoria, for appellee.
Judgment affirmed.
Mr. JUSTICE SCOTT delivered the opinion of the court:
Hobson's Truck Sales, Inc., hereinafter referred to as plaintiff, brought an action for damages against Carroll Trucking, Inc., hereinafter referred to as defendant, for the alleged conversion of a truck tractor, the ownership *980 of which was claimed by the plaintiff. After a trial without a jury by the circuit court of Peoria County judgment was entered for the defendant. It is from this judgment that the plaintiff now appeals.
On or about July 15, 1968, the plaintiff, a corporation engaged in truck sales, contracted to sell a truck tractor to a Harold A. Wildhaber on a retail installment sales contract. Subsequently Wildhaber defaulted in his payments and in late October or early November of 1968 the plaintiff's president, Mr. Hobson, traveled to Pontiac, Illinois, where he met Wildhaber and of him either demanded the return of the truck tractor or the payment of the balance of the down payment as called for by the contract of sale. There was some dispute concerning an alleged faulty transmission in the vehicle and the confrontation between the parties was terminated when Wildhaber threw either an orange or apple at Mr. Hobson, who left and contacted a sheriff. It is apparent from the record that the sheriff did not take any steps to repossess the truck tractor.
Wildhaber continued to use the vehicle in dispute and some further payments were made to the plaintiff either by him or by the defendant on his behalf. The plaintiff in turn made some payments to a bank who had purchased the contract of sale.
On or about December 16, 1968, the defendant corporation arranged for two of its employees to use the truck tractor for the purpose of delivering a shipment of hogs to the State of New Jersey. On the return trip an accident occurred in Pennsylvania and the vehicle was demolished. The record is not clear whether the contract to deliver the hogs was one entered into by Wildhaber, who because of illness had to call upon the defendant for assistance in fulfilling the same, or whether it was a joint enterprise entered into between Wildhaber and the defendant. In any event there was some type of agreement between Wildhaber and the defendant corporation in regard to a division of fees and expenses. The truck tractor at this time had the defendant's name, "Carroll Trucking, Inc.", imprinted on its sides.
After plaintiff learned that the vehicle was demolished he demanded payment in full of the unpaid purchase price from the defendant, which demand was refused. As we previously stated, a trial based upon alleged conversion by the defendant ensued resulting in judgment for the defendant and this appeal stems from that ruling.
Several issues have been presented for review but we direct our attention first to whether or not the plaintiff by the evidence adduced during trial sustained the burden of proving the requisite elements of the tortious conduct of conversion.
To constitute conversion of a chattel there must be an unauthorized *981 assumption of the right to possession or ownership. The essence of conversion is not the acquisition of the property by the wrongdoer, but a wrongful deprivation of the owner thereof; and one claiming a conversion must show a tortious conversion of the chattel, a right of property in it, and a right to immediate possession, absolute and unconditional and not dependent upon some act to be performed. Illinois Law and Practice, Vol. 35, Trover and Conversion, Sec. 3, p. 144; Genslinger v. New Illinois Athletic Club of Chicago, 229 Ill. App. 428; Nettleton v. Kerr, 167 Ill. App. 74.
 1 We are now confronted with a question as to whether there was an unauthorized assumption of the right to possession by the defendant as far as the truck tractor was concerned. The record fails to disclose that the defendant wrongfully assumed and continued to deprive the plaintiff of the possession of the property. It is true that the defendant trucking company and Wildhaber, the contract purchaser, were closely associated. At times the defendant would make payments to the plaintiff on behalf of Wildhaber, so we must recognize the fact that the corporate officers of the defendant realized that Wildhaber did not have a clear title to the truck tractor. It is true that the defendant's business name was imprinted upon the sides of the truck tractor but there is no evidence to the effect that the defendant had any knowledge that Wildhaber was embroiled in a controversy with the plaintiff regarding possession of the vehicle. While the record is conflicting we will assume for purpose of arguendo that a clear and firm demand was made by the plaintiff upon the purchaser, Wildhaber, for the return of the truck tractor. Wildhaber refused to comply with that request and instead permitted the vehicle to be used by the defendant. No demand for possession was ever made by the plaintiff upon the defendant until after the property was demolished in an accident.
 2, 3 The plaintiff contends that such demand is unnecessary and that the mere use and retention of the truck tractor by the defendant trucking company is sufficient to constitute conversion. It is true that where some other independent act of conversion can be shown there is no necessity for a demand by the person claiming ownership or right to possession and a refusal by the original taker thereof to deliver it, in order to show a conversion of the property. (See Union Stock-Yard & Transit Co. v. Mallory, Son & Zimmerman Co., 157 Ill. 554, 41 N.E. 888, 43 N.E. 979; Camp v. Unger, 54 Ill. App. 653). However, the plaintiff in the case before us fails to designate some independent act which would constitute conversion and thereby render a demand unnecessary or useless. Such failure is to be expected since the record does not disclose any evidence to the effect that the defendant wrongfully *982 acquired possession of the property or was retaining possession and exercising dominion over it in a wrongful, illegal or unlawful manner.
 4-6 The great weight of authority is to the effect that demand and refusal are necessary for the maintenance of an action of conversion in all cases in which the defendant was rightfully in possession. (See 38 Cyc. 2032, 2 Cooley on Torts, 3rd Ed. 870, 61 A.L.R. 615; 129 A.L.R. 633.) A mere detention of another's chattels which rightfully came into one's possession is not an actionable conversion. (Nelen v. Colwell, 45 R.I. 465, 123 Atl. 879.) We agree with plaintiff that Wildhaber, the vendee under a conditional sales contract, committed a number of acts which would constitute "acts of default" as far as a purchase contract was concerned. Wildhaber defaulted in his payments, he delivered possession of the vehicle to the defendant, presumably without plaintiff's knowledge or consent, and he permitted it to be removed to the State of New Jersey, but the question presented is whether these acts of default and wrongful dominion over the property shall be imputed to a third party, namely, the defendant. We believe not, for the record is devoid of any evidence that would show or even indicate that defendant knew that Wildhaber's acts constituted defaults of the various provisions of the retail sales contract. See Amberg v. Philbrick, 33 Ill. App. 200.
The plaintiff cites and relies upon the law set forth in the case of Associates Discount Corp. v. Walker, 39 Ill. App.2d 148, 188 N.E.2d 54. We quarrel not with the law as set forth in this case and the law found in many other cases dealing with innocent purchasers of value where the seller did not possess legal title to the chattel involved. No citations are necessary to support the well known general rule of law that one can not purchase and acquire a good title to stolen property. In the Associates Discount case the defendant was an innocent purchaser for value of an automobile from a seller who had forged the title to the vehicle. It was held that an action of trover would lie against the defendant even though he was an innocent purchaser for value. Such is not the situation in the case before us for we are not concerned with a sale. The defendant at no time attempted to acquire ownership of the truck tractor by purchase. It is true that he and Wildhaber entered into some arrangements for its use, however, the record is barren of any evidence that the defendant did or performed any act that would indicate he was attempting to convert the property to his own use and to the detriment of the rights of the plaintiff. Unfortunately for the plaintiff in this case, he had some difficulties with the purchaser Wildhaber and after one confrontation where demand for the return of the truck tractor was possibly made, the plaintiff did nothing further until after the vehicle was demolished. He then brings suit against the *983 defendant for an alleged conversion and for damages in the sum of $11,000.00. We fail to find in the record sufficient evidence to sustain the tortious conduct of conversion against this defendant. Having so concluded it is unnecessary for us to consider other issues presented for review and accordingly the judgment of the circuit court of Peoria County is affirmed.
Judgment affirmed.
ALLOY, P.J., and STOUDER, J., concur.