FARNS ASSOCIATES INC., Plaintiff-Appellant, *v.* VIVIAN STERNBACK, Defendant-Appellee.

First District (5th Division)    No. 78-2097

Opinion filed September 28, 1979.

Zissman and Hillsberg, of Chicago (Richard W. Hillsberg, of counsel), for appellant.

Ditkowsky & Contorer, of Chicago (Kenneth K. Ditkowsky, of counsel), for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

Plaintiff brought an action against defendant to recover damages for the alleged conversion of certain checks. Defendant moved to dismiss the complaint for failure to state a cause of action apparently pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 45) and for attorneys' fees and costs pursuant to section 41 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 41). The court granted defendant's motion to dismiss and plaintiff appeals. The sole issue presented for review is whether the trial court erred in dismissing plaintiff's complaint for failure to state a cause of action. We affirm the judgment of the trial court. The facts relevant to this issue follow.

Plaintiff, Farns Associates, Inc., is an Illinois corporation in the business of making loans to medical and paramedical providers.

Defendant, Vivian Sternback, is the widow of a Dr. Martin Sternback. Plaintiff and Dr. Sternback entered into a "Loan and Security Agreement" which granted plaintiff a security interest in Dr. Sternback's welfare and medicare accounts, investment securities, bank accounts and all other accounts in which he had an interest, as collateral for the loan. The agreement was dated December 23, 1972, however, plaintiff alleged in its complaint and brief that the agreement was entered into on December 22, 1973. Upon recognizing the discrepancy, plaintiff alleged in its reply brief that an error had occurred and that the correct date was in fact December 23, 1972. In accordance with the loan agreement, plaintiff filed a financing statement dated January 1, 1973.

Count I of the complaint alleged that Dr. Sternback had ceased doing business with plaintiff on or about July 24, 1974, and that the agreement was terminated by operation of law on or about December 29, as a result of Dr. Sternback's death. At that time, Dr. Sternback owed plaintiff $1,424.76, which was due on October 24. It further alleged that defendant received certain checks representing payments on the accounts that were secured by plaintiff and that instead of turning the proceeds of the checks over to plaintiff in repayment of the doctor's loan, defendant negotiated the checks and appropriated them for her own use. On or about September 10, 1975, plaintiff made demand on defendant to repay the money, but she refused to do so.

Plaintiff then alleged that pursuant to paragraph 4 of the agreement defendant owed $490.84 in interest, which was calculated according to a schedule of interest from November 1, 1974, to June 15, 1977, the date of filing suit. In addition to the foregoing allegations, count II alleged that defendant's negotiation of the checks and subsequent refusal to repay constituted a conversion of plaintiff's collateral. The complaint prayed for $1,915.60 in compensatory damages, $10,000 in punitive damages, and the costs of suit.

Thereafter, defendant filed a motion to strike and dismiss the complaint and for attorneys' fees and costs pursuant to section 41 of the Civil Practice Act. (Ill. Rev. Stat. 1975, ch. 110, par. 41.) The motion set forth that defendant was not the proper party to pursue in this action since a wife is not responsible for the debts of her husband; that plaintiff had, in effect, released its claim against Dr. Sternback and any alleged security interest based on the fact that from July of 1974 until the date of service, plaintiff failed to prosecute this action; additionally, there were no allegations that plaintiff foreclosed its purported security interest, or commenced any legal proceedings against the doctor prior to his death, or that proper proceedings were commenced in the probate division. The motion specifically pointed out the legal deficiencies of paragraphs 5, 6, and 7 of count I in that they were conclusory and unsupported by facts. It

stated that plaintiff failed to allege a valid security agreement as the agreement herein was vague and could not be the basis of a lien because it failed to identify the specific checks in question and it failed to specify a sum or a payment term. It specifically pointed out the conclusions recited in paragraph 8 in that Exhibit D, the checks allegedly negotiated by defendant, were in fact credited to the account of the named payee, Capitol Bank of Chicago; that plaintiff made no allegations as to the disposition of the account or that certain creditors with priority were not paid, such as the State of Illinois, the funeral home, etc. Furthermore, it specifically pointed out that in paragraphs 10 and 11, plaintiff assessed an interest rate in excess of the statutory rate against a person not in privity and who had received no benefit from the transaction; and that such an interest rate was usurious and violative of section 41 of the Civil Practice Act. The remaining portions of the motion were addressed to the legal deficiencies in count II which alleged conversion and the proper procedure and party plaintiff should have pursued in this action. The prayer for relief requested $10,000 in punitive damages in violation of section 41 of the Civil Practice Act.

Plaintiff's complaint was subsequently dismissed by the trial court, however, there was no ruling on the section 41 damages contained in the court's order. Plaintiff now appeals that judgment.

OPINION

Plaintiff argues that defendant's motion to strike and dismiss was improperly granted because on the facts alleged, its complaint states a cause of action for conversion. In support of this argument, plaintiff maintains that the motion was not specific and was unsupported by affidavit and, therefore, must fail whether brought under section 45 or section 48 of the Civil Practice Act. (Ill. Rev. Stat. 1975, ch. 110, pars. 45 and 48.) We cannot agree.

Section 45(1) of the Civil Practice Act provides in pertinent part:

"(1) All objections to pleadings shall be raised by motion. The motion shall point out specifically the defects complained of, and shall ask for appropriate relief such as: that a pleading or portion thereof be stricken because substantially insufficient in law, or that the action be dismissed * * *."

Likewise, section 48 provides in pertinent part:

"(1) Defendant may, within the time of pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit:
* * *
(i) That the claim or demand asserted against defendant is barred

by other affirmative matter avoiding the legal effect of or defeating the claim or demand."

While defendant did not specify whether the motion is one brought under section 45 or section 48, or both, we construe the motion as being brought under section 45 on the basis that it pointed out with sufficient specificity the defects complained of in each paragraph of the complaint. Furthermore, the allegations addressed to the legal sufficiency of the complaint were supported by facts. Although defendant stated in her brief that the motion was brought under section 48, we view this misconception as minor and as having no bearing on our disposition of the issue.

■■ Having determined that defendant's motion satisfied the requirements of section 45, we turn to the question of whether the complaint states a cause of action sufficient to withstand the motion. We think not. In determining the legal sufficiency of a complaint on a motion to dismiss, all well-pleaded facts are to be taken as true (*Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 380 N.E.2d 790), and a reviewing court must determine whether the allegations of the complaint, when interpreted in the light most favorable to plaintiff, are sufficient to set forth a cause of action upon which relief may be granted. (*J.J. Harrington & Co. v. Timmerman* (1977), 50 Ill. App. 3d 404, 365 N.E.2d 721.) Mere allegations of legal conclusions are insufficient, and such conclusions need not be accepted by a court. *Morse v. Nelson* (1977), 48 Ill. App. 3d 895, 363 N.E.2d 167.

Plaintiff argues that its complaint states a cause of action for conversion, however, we find that the pleadings fail to show that an act of conversion has occurred. The essence of an action for conversion is the wrongful deprivation of property from the person entitled to possession. (*Hobson's Truck Sales, Inc. v. Carrol Trucking, Inc.* (1971), 2 Ill. App. 3d 978, 276 N.E.2d 89.) A party claiming a conversion must show (1) an unauthorized and wrongful assumption of control, dominion, or ownership by a person over the personalty of another; (2) his right in the property; (3) his right to the immediate possession of the property, absolute and unconditional; and (4) a demand for possession thereof. *Hobson's.*

■■ Here, the complaint alleged that plaintiff and Dr. Sternback entered into an agreement which granted plaintiff a security interest in the doctor's varied accounts as collateral for a loan. It further alleged that defendant received certain checks representing payments on the accounts; that she negotiated the checks and appropriated them for her own use and that such acts by defendant, coupled with her refusal to repay after plaintiff made demand, constituted a conversion of plaintiff's collateral. Applying the legal principles enumerated above to the facts

here, we cannot say that the allegations of the complaint, when viewed in the light most favorable to plaintiff, are sufficient to set forth a cause of action upon which relief may be granted. Moreover, absent sufficient factual allegations, conclusions such as those alleged here are insufficient to state a cause of action for conversion.

In its reply brief, plaintiff argues that the proceeds from the business accounts of a deceased debtor can be the subject of a lawsuit against one who obtains and uses such proceeds. However, the record indicates that plaintiff neither argued this issue at trial nor raised it in its brief. Consequently, plaintiff is precluded from raising this issue for the first time in its reply brief. Ill. Rev. Stat. 1977, ch. 110A, par. 341(e)(7).

Because we believe the complaint failed to state a cause of action for conversion and thus the trial court did not err in dismissing the complaint, we need not address the other arguments advanced by plaintiff. Nor do we feel that the question of section 41 damages raised by defendant is properly before this court since defendant did not cross-appeal on this issue.

Accordingly, we affirm the judgment of the trial court.

Affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.