(No. 61771.—

ARTHUR KATZ, Appellee, v. BELMONT NATIONAL
BANK OF CHICAGO, Appellant.

*Opinion filed April 4, 1986.*

SIMON, J., took no part.

David A. Weininger, of Teitelbaum, Wolfberg, Guild & Toback, P.C., of Chicago (Gregory L. Tumbarello, of counsel), for appellant.

No appearance for appellee.

CHIEF JUSTICE CLARK delivered the opinion of the court:

Arthur Katz, doing business as Montrose Municipal Market, brought this class action suit against defendant,

Belmont National Bank. The class action was filed by Katz to recover funds that were deposited in the bank by Controls For Industry, Inc. (CFI). CFI provided payroll services to small businesses like Katz' by receiving and depositing checks from each business into its account at the bank and then issuing paychecks to each of the business' employees. CFI charged a fee for this payroll service. Approximately 136 businesses are alleged to have used CFI's payroll services.

In May of 1982, Katz forwarded a check to CFI, which in turn issued paychecks to Katz' employees. When the employees presented the checks for payment, they were dishonored by the bank for insufficient funds. It is alleged that the other members of the class and their employees were treated similarly. CFI filed for bankruptcy, and thereafter the plaintiff brought this suit.

In his complaint, Katz alleged: (1) that CFI held money belonging to him and other members of the class in trust; (2) that the bank "did in fact know, or should have known, the nature of C.F.I.'s business and the specific purpose of the deposits made into C.F.I.'s trust account, and the fiduciary relationship existing between C.F.I., the Plaintiff and other members of the class"; and (3) that the bank "unlawfully converted and disposed of the trust funds rightfully belonging to Plaintiff and other class members for its own use and purpose."

The bank filed a motion to dismiss the complaint for failure to state a cause of action in the circuit court of Cook County. At the hearing on the motion to dismiss, Katz' counsel stated that CFI had not withdrawn any money from or drawn any checks on its account other than the dishonored payroll checks but that over $1 million was missing from CFI's account; and since CFI and the bank were the only two parties with access to the account, the bank must have taken the money. The circuit court initially granted Katz' request for discovery of the

bank's records, but when the bank strongly objected on the basis that the request was onerous, the circuit court granted the motion to dismiss for failure to state a cause of action. The court also denied plaintiff's request for leave to amend the complaint.

Plaintiff appealed to the appellate court. The appellate court reversed, with one justice dissenting. (130 Ill. App. 3d 1094.) The majority of the appellate court held that the "[plaintiff's] complaint alleged a valid cause of action for conversion against defendant." (130 Ill. App. 3d 1094, 1097.) We now reverse.

As the appellate court correctly noted, since we are dealing with the dismissal of a complaint for failure to state a cause of action, we must necessarily determine the legal sufficiency of the complaint. The complaint must "contain a plain and concise statement of the pleader's cause of action" (Ill. Rev. Stat. 1981, ch. 110, par. 2—603), and "such information as reasonably informs the opposite party of the nature of the claim or defense which he or she is called upon to meet." Ill. Rev. Stat. 1981, ch. 110, par. 2—612(b).

In *Cook v. Askew* (1975), 34 Ill. App. 3d 1055, the court stated:

> "It is well settled in Illinois that in determining whether a motion to dismiss was properly allowed, allegations of fact contained in the complaint *must be taken as true* (*Edgar County Bank & Trust Co. v. Paris Hospital, Inc.*, 57 Ill. 2d 298, 305, 312 N.E.2d 259, 262; *Kuch & Watson Inc. v. Woodman*, 29 Ill. App. 3d 638, 641, 331 N.E.2d 350, 353), and all reasonable inferences therefrom should be construed in the plaintiff's favor. (See, *e.g., Johnson v. North American Life & Casualty Co.*, 100 Ill. App. 2d 212, 217, 241 N.E.2d 332, 335; *Bishop v. Ellsworth*, 91 Ill. App. 2d 386, 391, 234 N.E.2d 49, 52.)" (Emphasis added.) 34 Ill. App. 3d 1055, 1057.

In the instant case, even if we take all of the allegations of fact asserted by plaintiffs as being true, the

plaintiffs have not stated a cause of action for conversion against the bank.

The appellate court stated:

> "A complaint for conversion must allege plaintiff's right in the property and to immediate possession; a demand by plaintiff for possession; and unauthorized assumption of control or ownership by defendant over the property of plaintiff. (*Farns Associates Inc. v. Sternback* (1979), 77 Ill. App. 3d 249, 395 N.E.2d 1103.) Plaintiff's complaint sufficiently alleged his right of ownership in the property when *he stated that he gave the money to CFI solely for disbursement to plaintiff's employees.* The pleadings indicate that plaintiff was not giving up his ownership rights but merely *was entrusting his funds to CFI.* ***
>
> We do not believe the fact that defendant's relationship with CFI was that of creditor and debtor and that defendant had no relationship with plaintiff and the other class members is dispositive of the present action." (Emphasis added.) 130 Ill. App. 3d 1094, 1096-97.

We cannot agree with the appellate court that the absence of a relationship between the plaintiffs and the bank is not dispositive of this case.

Plaintiff and the other members of the class gave their money to CFI. Their relationship was with CFI, not the bank. CFI, in turn, placed this money in *its* account at the bank. At this point, CFI and the bank established the relationship of creditor and debtor. "As a rule, when money is deposited with a bank, title to it passes and the bank becomes a debtor to the extent of the deposit; and to that extent, the depositor becomes a creditor. (*People ex rel. Russell v. Farmers State & Savings Bank*, 338 Ill. 134, 170 N.E. 236.)" *Mid-City National Bank v. Mar Building Corp.* (1975), 33 Ill. App. 3d 1083, 1089.

In *Farns Associates Inc. v. Sternback* (1979), 77 Ill. App. 3d 249, which the appellate court cited, it states

that one of the elements necessary to prove conversion is the plaintiff's "right to the immediate possession of the property, *absolute and unconditional.*" (Emphasis added.) 77 Ill. App. 3d 249, 252, citing *Hobson's Truck Sales, Inc. v. Carroll Trucking, Inc.* (1971), 2 Ill. App. 3d 978.

When CFI placed the money in *its* account, title passed to the bank and the bank became a debtor to CFI. The only possible right to immediate possession of the property, *absolute and unconditional,* was on CFI's part. The plaintiffs' right in the property and its possession would have to be asserted by the plaintiffs against CFI, because CFI was the party to whom these plaintiffs entrusted their funds, not the bank. Since a necessary element of a cause of action for conversion could never be established by the plaintiffs against the bank, we now hold that the plaintiffs' complaint fails to state a cause of action for conversion.

It should be noted, as the defendant maintains, that none of the cases cited by the appellate court, or by the plaintiff in his pleadings in the circuit court, involve an action under the legal theory of conversion, and therefore we do not believe these cases are dispositive of the issue presented here.

In concluding, we would like to address one other point. We find it disturbing that plaintiff did not make an effort to participate in the appeal before this court. He did not file a brief and therefore would have been precluded from arguing in this court had he attempted to do so. (87 Ill. 2d R. 352.) In his complaint, Katz states that he brought this class action on his behalf and for the other members of the class, and he alleged that he would "fairly and adequately represent and protect the interests of the class." Once Katz filed this suit, we believe his failure, and that of his attorney, to appear in the appeal before this court evidenced inadequate repre-

sentation of the class. It is unfortunate that only one side of this appeal was presented.

For all of the foregoing reasons, we reverse the judgment of the appellate court and affirm the judgment of the circuit court.

*Appellate court reversed;*
*circuit court affirmed.*

JUSTICE SIMON took no part in the consideration or decision of this case.