ROBERT QUINTON, Plaintiff-Appellant, v. GLENN KUFFER, Defendant-Appellee (Apollo Portable Toilets, Inc., *et al.*, Defendants).

Second District   No. 2—91—1023

Opinion filed November 22, 1991.

Patrick J. Moran, of Hillside, for appellant.

Thomas R. Hill, Stephen E. Sward, and Carolyn N. Offenbach, all of Rooks, Pitts & Poust, of Chicago, for appellee.

PRESIDING JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Robert Quinton, appeals pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) from an order of the circuit court of Lake County granting defendant's, Glenn Kuffer's, motion for summary judgment. Plaintiff's complaint alleged, among other things, that defendant was negligent in failing to warn plaintiff of a label entitled "flammable" on defendant's 55-gallon drum which plaintiff was cutting with a torch for defendant. Defendant's motion for summary judgment asserted he had no duty to warn plaintiff of open and obvious dangers and of dangers which plaintiff knew or should have known existed due to his superior or special knowledge.

Plaintiff raises two issues on appeal: (1) whether a motion for summary judgment is proper for determining the issue of duty; and (2) whether the trial court erred in finding that defendant owed no duty to warn plaintiff.

The relevant facts are adduced from the pleadings and depositions of the parties. Plaintiff and defendant met in the summer of 1986. At that time, while defendant was visiting plaintiff's home, plaintiff showed defendant a wood burning stove which plaintiff had made out of a 55-gallon drum. The stove was used to heat plaintiff's garage. In about October 1986, plaintiff and defendant agreed that plaintiff would build a similar stove for defendant.

Plaintiff had extensive experience as a welder for about 20 years. He was a welder at several companies, and while working at John Deere, he was a foreman of the welding area which required him to supervise 400 other welders. He had received instructions about the hazards of cutting and welding with reference to explosions and fire. Defendant was a carpenter and was unfamiliar with welding.

Early in December 1986, plaintiff and defendant went to purchase a suitable drum with which to make the stove. After travelling around the Libertyville and Mundelein area, they finally stopped at Apollo Portable Toilets. According to defendant's deposition, plaintiff took part in purchasing the drum by approaching a rack of drums and selecting the drum which was eventually purchased. However, according to plaintiff's own deposition, he did not recall exiting the car, approaching the rack or inspecting the drums. In his deposition, plaintiff said that defendant and another person "went over and got a barrel" and placed it in the bed of the pickup truck.

According to defendant, the drum was empty, and there were labels on the drum which "were obviously there" and could not be missed if one looked at the drum. Defendant described one label as two inches high by six to eight inches long with red letters which read "flammable." The label also had a red border around the edge. In his deposition, defendant stated that "[the label] was sitting in the middle of the barrel." Defendant did not tell plaintiff that the drum was marked "flammable," and plaintiff did not tell defendant that he saw the label. Plaintiff did not remember if the drum had any labels.

On December 17, 1986, plaintiff went to defendant's home to build the stove. Although defendant testified in his deposition that he was not home when plaintiff arrived, plaintiff testified that he thought defendant was home. However, both testified that when plaintiff was beginning to work on the drum, defendant was in the vicinity, although he was not assisting plaintiff in the work on the drum. Plaintiff did not clean or look inside the drum prior to working on it. However, when he built his own stove from a food service barrel, he cleaned the drum with soap, water and a wire brush because it

had some liquid in it. After scribing the drum, plaintiff touched the torch to the drum to make a blow hole, and the drum exploded.

As a result of the explosion, plaintiff suffered burns, a skull fracture and kidney problems. Although pictures of the drum were taken, none of the pictures showed the label. Defendant disposed of the drum about six months after the accident, and the drum has not been located.

As to the first issue, plaintiff contends that a motion for summary judgment is improper here in determining whether a duty exists, relying on *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605. However, *Janes* is inapplicable here.

■■ *Janes* concerned the well-criticized practice of using hybrid motions which combine both a motion to dismiss under what is now section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615) and a motion for summary judgment. (*Janes*, 57 Ill. 2d at 406, 312 N.E.2d at 609; but see Ill. Rev. Stat., 1990 Supp., ch. 110, par. 2—619.1.) Although a motion under section 2—615 can be directed at a complaint's failure to allege facts which state a cause of action (*Beckman v. Freeman United Coal Mining Co.* (1988), 123 Ill. 2d 281, 287, 527 N.E.2d 303), it can also be directed at the legal sufficiency of the pleadings (*Dunn v. Baltimore & Ohio R.R. Co.* (1989), 127 Ill. 2d 350, 372, 537 N.E.2d 738; *Katz v. Belmont National Bank* (1986), 112 Ill. 2d 64, 67, 491 N.E.2d 1157). The purpose of a motion to dismiss under section 2—615 is to identify defects in pleadings so that they may be corrected before trial. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 422, 430 N.E.2d 976.) In determining a section 2—615 motion to dismiss, the court accepts all well-pleaded facts as true (*Lovgren v. Citizens First National Bank* (1989), 126 Ill. 2d 411, 419, 534 N.E.2d 987) and may not look beyond the face of the pleadings (*Urbaitis v. Commonwealth Edison* (1991), 143 Ill. 2d 458, 475, 575 N.E.2d 548, 555-56; *Seefeldt v. Millikin National Bank* (1985), 137 Ill. App. 3d 841, 842, 485 N.E.2d 30).

■■ ■ In contrast, when the grounds do not appear on the face of the pleadings, but must be established by affidavits or depositions, the defendant may contest the complaint through either a motion to dismiss under section 2—619 (Ill. Rev. Stat. 1989, ch. 110, par. 2—619) or a motion for summary judgment. (4 R. Michael, Illinois Practice: Civil Procedure Before Trial §41.2, at 295 (1989).) Although a motion for summary judgment "almost necessarily assumes that a cause of action has been stated" (*Janes*, 57 Ill. 2d at 406, 312 N.E.2d at 609), when negligence is alleged, in the absence of any showing upon which the court could infer the existence of a duty, no recovery would be

possible as a matter of law, and summary judgment in favor of defendants would be proper (*Barnes v. Washington* (1973), 56 Ill. 2d 22, 27, 305 N.E.2d 535). If what is contained in the papers on file would constitute all the evidence before the court and would be insufficient to go to a jury but would require a court to direct a verdict, summary judgment should be entered. *Pyne v. Witmer* (1989), 129 Ill. 2d 351, 358, 543 N.E.2d 1304.

■ In this case, defendant was not challenging the legal sufficiency of the complaint on the face of the pleadings. Defendant did not proceed under a motion to dismiss under section 2—615. Defendant filed a motion for summary judgment to contest what he perceived as plaintiff's failure to show factually the existence of a duty of care, a procedure often used. (See 4 R. Michael, Illinois Practice: Civil Procedure Before Trial §40.5, at 284 n.28 (1989).) Because defendant was challenging the duty owed to plaintiff based on facts outside the pleadings and claimed that those facts showed that he owed no duty, defendant could properly proceed on a motion for summary judgment.

Next, in determining whether the trial court erred in finding that defendant owed plaintiff no duty to warn, we must initially note the proper standard to be applied when reviewing a trial court's determination on a motion for summary judgment. A motion for summary judgment should be granted only when the pleadings, depositions, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c).) Although the use of summary judgment is to be encouraged to aid in the expeditious disposition of a lawsuit, summary judgment is a drastic means of disposing of litigation and, therefore, should be allowed only when the right of the moving party is clear from doubt. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867.) The purpose of summary judgment is to determine whether there are any issues of triable fact. (*Purtill*, 111 Ill. 2d at 240, 489 N.E.2d at 871.) To determine the presence of a genuine issue of material fact, courts must construe the pleadings, depositions, admissions, exhibits and affidavits on file strictly against the movant and liberally in favor of the opponent. (*Purtill*, 111 Ill. 2d at 240, 489 N.E.2d at 871.) The existence of factual questions will not preclude summary judgment unless these facts are material to the litigation. (*Equity General Insurance Co. v. Patis* (1983), 119 Ill. App. 3d 232, 236, 456 N.E.2d 348.) Facts unrelated to the essential elements of the plaintiff's cause of action are immaterial, and no matter how sharply controverted, their presence in the record will not warrant denial of a

motion for summary judgment. (*Equity General Insurance*, 119 Ill. App. 3d at 236, 456 N.E.2d at 351.) A fact is material to the claim in issue when the success of the claim is dependent on the existence of that fact. *Lindenmier v. City of Rockford* (1987), 156 Ill. App. 3d 76, 88, 508 N.E.2d 1201.

An order granting summary judgment will be reversed if the pleadings, depositions and admissions show that a genuine issue as to material fact existed (*Adkins v. Sarah Bush Lincoln Health Center* (1989), 129 Ill. 2d 497, 506, 544 N.E.2d 733) or if the judgment for the movant was incorrect as a matter of law (*United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.* (1989), 193 Ill. App. 3d 1087, 1092, 550 N.E.2d 1032; *International Amphitheatre Co. v. Vanguard Underwriters Insurance Co.* (1988), 177 Ill. App. 3d 555, 571, 532 N.E.2d 493). The granting or denying of a motion for summary judgment is not discretionary (*Derby Meadows Utility Co. v. Inter-Continental Real Estate* (1990), 202 Ill. App. 3d 345, 354, 559 N.E.2d 986), and the *de novo* standard of review is applied (*Demos v. National Bank of Greece* (1991), 209 Ill. App. 3d 655, 659-60, 567 N.E.2d 1083).

In this case, although a question of fact exists as to whether plaintiff selected the particular 55-gallon drum, that question of fact is not material to the issue here, which is the existence of a duty to warn. The facts are undisputed that a label entitled "flammable" was affixed to the drum, that plaintiff did not see the label, and that defendant saw the label but did not tell plaintiff. Plaintiff did not and, in fact, could not contest that the label reading "flammable" existed, because plaintiff's cause of action is premised on the existence of such a label. Thus, although some questions of fact exist, they are not material here so as to preclude summary judgment.

■ Although breach of duty and proximate cause are questions of fact (*Curtis v. County of Cook* (1983), 98 Ill. 2d 158, 163, 456 N.E.2d 116), the existence of a duty is a question of law (*Widlowski v. Durkee Foods, Division of SCM Corp.* (1990), 138 Ill. 2d 369, 373, 562 N.E.2d 967) based on the facts presented (*Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 151-52, 554 N.E.2d 223; *Joy v. Chicago, Burlington & Quincy R.R. Co.* (1914), 263 Ill. 465, 470, 105 N.E. 330; Hardy & Mills, *Survey of Illinois Law—Tort Developments*, 15 S. Ill. U.L.J. 1111, 1136 (1991)). A duty requires a person to conform to a certain standard of conduct for the protection of another against an unreasonable risk of harm. (*Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 554, 328 N.E.2d 538.) In considering whether a duty exists, a court must weigh the foreseeability that defendant's conduct will

result in injury and the likelihood of an injury occurring against the burden to defendant of imposing a duty and the consequences of imposing this burden. *Ziemba v. Mierzwa* (1991), 142 Ill. 2d 42, 47, 566 N.E.2d 1365.

Although the parties have couched the issue in terms of premises liability (see, *e.g., Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 554 N.E.2d 223), the explosion was not related to a *condition on the land* which is the basis of premises liability (Restatement (Second) of Torts §§343, 343A (1965)). In this case, plaintiff has not claimed that a condition on defendant's land should result in liability, unlike other cases based on premises liability. (See, *e.g., Wright v. Mr. Quick, Inc.* (1985), 109 Ill. 2d 236, 486 N.E.2d 908 (landlord liable for failing to maintain condition of parking lot); *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126 N.E.2d 836 (lumber placed on property); *Geraghty v. Burr Oak Lanes, Inc.* (1955), 5 Ill. 2d 153, 125 N.E.2d 47 (railroad tie and telephone pole left on parking lot); *Gustafson v. Consumers Sales Agency, Inc.* (1953), 414 Ill. 235, 110 N.E.2d 865 (applying attractive nuisance doctrine to pond containing floating debris); *Kosinski v. Inland Steel Co.* (1989), 192 Ill. App. 3d 1017, 549 N.E.2d 784 (presence of graphite on roof caused injury); *Shaffer v. Mays* (1986), 140 Ill. App. 3d 779, 489 N.E.2d 35 (hole in ground).) Rather, plaintiff attempts to place liability upon defendant for failing to inform him about the warning label on the drum which under the instant facts is not a condition on the land although the drum was located on defendant's land.

A duty to warn exists for claims based on premises liability (*Ward,* 136 Ill. 2d at 156, 554 N.E.2d at 234) which may be negated based on the open and obvious nature of the condition (*Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 468-69, 343 N.E.2d 465; Restatement (Second) of Torts §343A (1965)). However, when a claim is based on negligence for failure to warn of the dangerous propensities of a chattel, as is the case here, the duty to warn is governed by section 388 of the Restatement (Second) of Torts (1965). *Riordan v. International Armament Corp.* (1985), 132 Ill. App. 3d 642, 647, 477 N.E.2d 1293.

Section 388 of the Restatement provides the following:

"One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier

(a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and

(b) *has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition,* and

(c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous." (Emphasis added.) Restatement (Second) of Torts §388 (1965).

Comment *k* to section 388 requires a person to warn another "if, but only if, he has no reason to expect that those for whose use the chattel is supplied will discover its condition and realize the danger involved." (Restatement (Second) of Torts §388, comment *k*, at 306 (1965).) Illinois courts have relied on this comment to find that a defendant has no duty to warn plaintiff of an open or obvious danger. See, *e.g., French v. Barber-Greene Co.* (1991), 215 Ill. App. 3d 1025, 1028-29, 576 N.E.2d 193; *Kirkman v. Kirkman* (1990), 195 Ill. App. 3d 393, 398, 552 N.E.2d 282; *Baylie v. Swift & Co.* (1975), 27 Ill. App. 3d 1031, 1043, 327 N.E.2d 438.

■ In this case, applying not only the general considerations in determining the existence of a duty but also section 388 of the Restatement, we find that no duty to warn existed under the facts of this case. Although the injury was foreseeable, the existence of a legal duty is not bottomed on foreseeability alone. (See *Cunis v. Brennan* (1974), 56 Ill. 2d 372, 375, 308 N.E.2d 617.) Defendant had reason to expect that plaintiff would see the label reading "flammable" sitting in the middle of the barrel and that plaintiff, an experienced welder, would realize the danger involved in cutting with a torch a 55-gallon drum which might contain flammable liquid or its residue. Although plaintiff did not recall if the drum had a label, defendant could reasonably expect that plaintiff would realize any danger in cutting into the drum with a torch and make inspection of the drum for any dangerous condition attendant in the welding operations in which he was experienced. We, therefore, conclude that defendant under the circumstances did not owe a duty to plaintiff.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

INGLIS and McLAREN, JJ., concur.