## Robert T. Lusk

### *v.*

### George L. Thatcher *et al.*

*Filed at Ottawa November 10, 1881—Rehearing denied March Term, 1882.*

1. PARTIES IN CHANCERY—*dismissing bill for want of necessary parties.* Where the matters disclosed in a bill in chancery not only fail to show proper grounds for equitable relief as against any of the persons who are made parties defendant, but show that under any kind of a bill that might be framed, in respect to the same subject matter, there could be no relief as against those persons, the bill may properly be dismissed for the want of necessary parties. It is not incumbent on the court in such case to retain the bill for the proper parties to be brought in. This case distinguished from *Thomas, Trustee* v. *Adams et al.* 30 Ill. 37.

2. If the complainant, on discovering he had sued the wrong parties, had made a special application to have the proper parties substituted as defendants for those improperly sued, and that application had been denied, quite a different question would be presented. But that was not this case. Parties are never thus substituted, except upon special application.

3. SAME—*public must be made a party to a bill to contest an election for organizing a village.* On bill to contest an election for organizing certain territory into a village, it is not sufficient to make certain private individuals residing in the territory, alleged to have been the principal promoters of the scheme, parties defendant, as they can not represent the public. If it is impossible to make the village a party for the want of the election of officers, a proper representative of the public should be made a party, otherwise no decree would bind the corporation.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding.

Messrs. HERBERT, QUICK & MILLER, for the appellant.

Mr. JOHN P. WILSON, Mr. GEORGE L. THATCHER, and Mr. FELIX J. GRIFFIN, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

We are of opinion the decree below should be affirmed, upon the ground that an indispensable party defendant was not before the court. The court itself may state this "objection, and refuse to make the decree, or if a decree is made, it may, for this very defect, be reversed on a rehearing or on an appeal." * * * Story's Equity Pleading, (5th ed.) secs. 75, 236; *Herrington* v. *Hubbard,* 1 Scam. 569.

The object of the bill was to contest an election held for the purpose of determining whether certain territory should become incorporated as a village. The only defendants named or brought before the court are certain private individuals alleged to have been the principal promoters of the scheme. The contestants are certain private individuals claiming to be residents and voters within the territory proposed to be incorporated. Thus the suit is entirely between private parties. But if there be an incorporation, it constitutes a municipality, and is vested with local sovereignty. It is public, and its powers are to be exercised for the benefit of the public, and not of private parties. Both *persons* and *place* are indispensable to such a corporation. Dillon's Municipal Corporations, (1st ed.) sec. 9. But the persons interested in the establishment of the municipality to-day, may cease to have any interest in it to-morrow, since it is manifest there can be no property rights in a public franchise. Upon no theory are the persons here made defendants entitled to represent the public, and the question, legally consid-

ered, however much private feeling may be enlisted, is one that purely concerns the public.

But counsel say there were no village officers elected, and hence it was impossible to make the village a party; but it does not hence follow that it was impossible to bring before the court a proper representative of the village—that is to say, of the public. But it is not at present important to ascertain who should have been brought before the court to represent the public interest,—it is sufficient no rule of common law and no statute authorizes those who are before the court to represent that interest. No one can be affected by a decree who was not before the court, actually or constructively, when it was rendered. It being the public, not A B or C D, that is to be represented in this corporation, it must result that a decree in regard to the election not concluding the public would conclude nobody.

The decree is affirmed.

*Decree affirmed.*

Subsequently, on an application for a rehearing of this cause, the following additional opinion was filed:

Mr. JUSTICE MULKEY: An application having been made for a rehearing of this case, we have, with much care, reconsidered the grounds upon which it was placed on the former consideration of it, and have been unable to discover anything which justifies a doubt of the correctness of the conclusions then reached.

It is urged with much earnestness, and apparent confidence, in the petition for a rehearing, that the court should not have dismissed the bill or statement for want of proper parties, but should have retained it, with leave to the plaintiffs to bring the proper parties before the court, and in support of this position the case of *Thomas, Trustee, etc.* v. *John B. Adams et al.* 30 Ill. 37, is relied on. A moment's examination will show that case is not in point. There,

Thomas, trustee of the Bank of Illinois, having an equitable title, only, to certain judgments, filed a bill for the purpose of reaching certain property belonging to the defendants in these judgments, and the court, upon the consideration of the case, dismissed the bill, on the ground some of the defendants in the judgments had not been made parties, and this was held error. The material difference between that case and the one in hand is this: There the bill showed upon its face that the complainant was entitled to relief upon a properly framed bill, against the parties then before the court, and the only objection to the bill was that certain parties having an interest in the subject matter of the suit had not been joined as co-defendants. Here, the complainants do not show a cause of action against any of the parties before the court, as was done in that case, but, on the contrary, conclusively show they are not entitled to relief, as against the present defendants, under any kind of a bill that might be framed, hence there could have been no propriety, so far as they were concerned, in retaining the bill for amendment. Under any circumstances, the bill would have had to be dismissed as to them. Consequently nothing could have been gained by retaining it for amendment. To have brought in other parties, and dismissed the case as to the parties then before the court, would, in effect, have been commencing a new suit. The bill, as framed, clearly showed no equity on its face. If the complainants, on discovering they had sued the wrong parties, had made a special application to have the proper parties substituted as defendants for those improperly sued, and that application had been denied, quite a different question would be presented; but nothing of that kind was done. Parties are never thus substituted, except upon special application.

*Rehearing denied.*