# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

THE VILLAGE OF METAMORA *et al.*

*v.*

THE VILLAGE OF EUREKA *et al.*

*Filed at Ottawa June 13, 1896—Rehearing denied October 16, 1896.*

1. PARTIES—*in contest of a county seat election the county is a necessary party.* The county is an indispensable party, under the Election law, to a contest of an election for the change of a county seat.

2. SAME—*effect of dismissal as to indispensable party defendant.* A bill to contest an election for the removal of a county seat is properly dismissed as to all the defendants when dismissed as to the county for failure to make it a party within the time limited.

3. LIMITATIONS—*when suit is regarded as begun against a party.* A suit to contest an election for the change of a county seat is begun, so far as the county is concerned, when an amended bill first making it a party is filed.

4. COURTS—*court will dismiss case of its own motion for want of necessary party.* The fact that the one indispensable defendant is not a party to a suit will be taken notice of by the court itself and the suit dismissed as to all the parties, though no demurrer is interposed for want of proper parties.

APPEAL from the Circuit Court of Woodford county; the Hon. N. E. WORTHINGTON, Judge, presiding.

W. L. ELLWOOD, and WINSLOW EVANS, for appellants:

The motion to dismiss is treated as a general demurrer admitting all the facts well pleaded by the bill, and a bill will never be dismissed upon such motion unless it is clear that no amendment can help it. *Grimes* v. *Grimes,* 43 Ill. 550, and cases cited.

Filing the bill before the canvass does not prejudice defendant. The office of canvasser is merely ministerial. *People* v. *Hilliard,* 29 Ill. 423; *People* v. *Head,* 25 id. 325.

This court, as we view it, has settled the question of when the election is completed, in an opinion that we think conclusive on this question. *People ex rel.* v. *Kilduff,* 15 Ill. 492.

A motion to dissolve an injunction can be founded only on a want of equity apparent on the face of the bill, or on a full and complete denial, by the verified answer of a material defendant, of the allegations upon which the equity of the bill depends. 2 Beach on Modern Eq. Pr. sec. 775.

It is not ground for exception if the notice of contest was served before promulgation of the return. 6 Am. & Eng. Ency. of Law, 410; *Knight* v. *Ragan,* 31 La. Ann. 289.

We insist that the county of Woodford was not a necessary party defendant, much less an indispensable party; that while it might be proper to make it a party defendant, it was neither a necessary nor indispensable party. Mitford & Tyler's Eq. Pl. 20, 21; 1 McCallister, 31; 1 Beach on Modern Eq. Pr. sec. 55; *Chadbourne's Exrs.* v. *Coe,* 10 U. S. App. 83.

Where a person is interested in the suit, but will not be directly affected by the decree made in his absence, he is not an indispensable party. *Williams* v. *Bankhead,* 19 Wall. 571; *Hays* v. *Humphrey,* 37 Fed. Rep. 283.

For a want of proper parties it is not the practice to dismiss on motion. 1 Daniell's Ch. Pr. secs. 286, 289; *Thomas* v. *Adams,* 30 Ill. 37.

A contestant, after stating the points of contest in the mode required by the act, can avail of any amendment or pleading to meet the tactics of his opponent and bring before the court the real points of the case. *Dale* v. *Irwin*, 78 Ill. 170; *Talkington* v. *Turner*, 71 id. 234; *Kingery* v. *Berry*, 94 id. 515.

The powers and duties of counties bear such a due analogy to the governmental functions of the State that as well might the State be held responsible for the negligent acts of its officers as counties. *Hollenbeck* v. *Winnebago County*, 95 Ill. 151; 1 Beach on Public Corp. sec. 735.

A period of limitation will not be presumed or inferred if the statute does not provide one. At common law there was no limit as to the time in which actions should be begun. 13 Am. & Eng. Ency. of Law, 668.

The common law fixed no time as to the bringing of actions. Limitations derive their authority from statute. *United States* v. *Thompson*, 98 U. S. 486; *People* v. *Gilbert*, 18 Johns. 227.

Where equity applies the Statute of Limitations, it acts not so much in analogy to the statute as in obedience thereto. (13 Am. & Eng. Ency. of Law, 676, and note.) And when the jurisdiction of equity is not concurrent with law, but exclusive, it applies its own rules according to the special circumstances of each case. See Ibid. 676, 677.

Equity can give relief long after the bar of the statute, if the circumstances of the case excuse the delay. 13 Am. & Eng. Ency. of Law, 679, 680.

It was not too late to make the county of Woodford a party when the second amended bill was filed. Section 117 of the Election law is not a statute of limitation, but a grant of jurisdiction. *Brown* v. *McCollum*, 76 Iowa, 479; *Sinnet* v. *Bowman*, 151 Ill. 146; *Luther* v. *Luther*, 122 id. 558; *Rutledge* v. *Crawford*, 13 L. R. A. 761.

It is not necessary that the summons issue within thirty days from the time the election is determined,

where the bill has been filed within that time. *Zimmerman* v. *Cowan*, 107 Ill. 631.

In *Dale* v. *Irwin*, 78 Ill. 170, the contestant set up new grounds of contest after the thirty days had expired, and it was held that he might properly do so.

It is well settled that for a misjoinder of parties defendant those only can demur who are improperly joined. 1 Beach on Modern Eq. Pr. sec. 254; *Whitbeck* v. *Edgar*, 2 Barb. Ch. 106; *Miller* v. *Jamison*, 24 N. J. Eq. 41.

THOMAS KENNEDY, STEVENS, HORTON & ABBOTT, and J. ALBERT BRIGGS, (B. D. MEEK and C. H. RADFORD, of counsel,) for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On November 13, 1894, an election was held in Woodford county upon the question of removing the county seat from Metamora to Eureka, at which election 2595 votes were cast in favor of such removal and 1960 votes were against it. On the next day, before the vote was canvassed, the original bill in this case to contest the election and enjoin the removal of the records was filed by appellants and a temporary injunction was granted. The returns of the election were canvassed and the result declared November 15, 1894. Afterwards the complainants, by leave of court, filed an amended bill. The complainants in these bills were the village of Metamora and sundry citizens and tax-payers of the county, and the defendants were the village of Eureka and certain officials of the county, but the county of Woodford was not made a party to either bill. On the same day that the amended bill was filed the village of Eureka moved to dismiss the bill and dissolve the injunction as to it. The motion to dissolve the injunction was sustained but the court refused to dismiss the bill. On February 2, 1895, a demurrer of the village of Eureka to the amended bill was sustained, and the complainants asked and ob-

tained leave to file their second amended bill, which was thereupon filed, making the county of Woodford a party defendant for the first time. The county of Woodford subsequently filed its motion to dismiss the bill as to it, assigning, among other grounds, that the suit was not commenced against it until the second amended bill was filed, February 2, 1895, which was more than thirty days after the result of the election was determined and after the expiration of the time limited by the statute. The court sustained the motion and dismissed the bill as to the county. The village of Eureka then demurred, on the ground, among others, that the county was an indispensable party and not before the court, and that the limitation having run against the right to make the county a party there could be no decree in the cause. The demurrer was sustained and the bill dismissed as to the village. On the same day, suit having been dismissed as to the county and village, the other defendants filed their motion to dismiss as to them, assigning a want of jurisdiction and of necessary parties, so that no decree could be rendered according to the prayer of the bill. The motion was sustained and the bill dismissed. Thereupon the court entered a decree in accordance with the rulings on the motions and demurrer, dismissing the bill as to all the parties defendant.

Prior to July 1, 1872, no method was provided for contesting an election upon the question of removing a county seat, but the courts of chancery took jurisdiction under their general powers to determine the legality and the result of such election. This was done because the matter was one of public concern, and the jurisdiction was entertained to relieve against fraud, and to carry out the intention of the law in submitting the question to a vote of the people. (*Boren* v. *Smith*, 47 Ill. 482; *People* v. *Wiant*, 48 id. 263; *Knox County* v. *Davis*, 63 id. 405; *Dickey* v. *Reed*, 78 id. 261.) On the day above mentioned two acts of the legislature relating to that subject went into force

at the same time. Neither of them was necessary to confer jurisdiction, which had been exercised in numerous cases, but each purported to confer such jurisdiction, and regulated, to some extent, the question of parties and procedure. They are not in conflict with each other, and are to be construed as together embracing the entire legislative intent upon the subject.

Chapter 46 of the Revised Statutes relates to elections, and contains the following provisions:

"Sec. 97. The circuit courts of the respective counties shall hear and determine contests of the election of the judges of the county court of their counties, and in regard to the removal of county seats, and in regard to any other subject which may by law be submitted to the vote of the people of the county."

"Sec. 117. Any five electors of the county may contest an election upon any subject which may by law be submitted to a vote of the people of the county, upon filing in the circuit court, within thirty days after the result of the election shall have been determined, a written statement in like form as in other cases of contested elections in the circuit court. The county shall be made defendant, and process shall be served as in suits against the county; and like proceedings shall be had as in other cases of contested elections before such court."

"Sec. 118. In case the county board shall fail or refuse properly to defend such contest, the court shall allow any one or more electors of the county to appear and defend, in which case the electors so defending shall be liable for the costs in case the judgment of the court shall be in favor of the contestants."

The other act relates to the removal of county seats, and is found in chapter 34. The main purpose of section 12 of that act is to furnish a rule for determining the number of legal voters of a county, and for investigating that question in case of a contest. It contains a provision that courts of equity shall have jurisdiction of all

cases arising under the act, and that any of the legal voters and tax-payers of the county who may desire so to do, as well as the town, city or village to or from which it is proposed to remove such county seat, may be made, or on their petition may become, parties to such suits, either as complainant or defendant.

By these acts the jurisdiction before exercised by the circuit courts under their general chancery powers was regulated. The question of the removal of a county seat is one which may by law be submitted to the vote of the people of the county, and it is expressly mentioned as such in the statute relating to elections. The persons by whom and the time within which the contest must be inaugurated is therein fixed, and the county is required to be made a party defendant. That act provides that the court shall allow other electors to appear and defend, and a like privilege is given by the act for the removal of county seats, where it is extended to the town, city or village to or from which it is proposed to remove such county seat. The purpose of allowing other parties to take part in the contest is declared in the Election law and is plainly to be seen in the other act. It rests upon the ground that local and private feeling, if enlisted, insures full presentation of the merits. It is not to be supposed, however, that, aside from the question of costs, the interests of such parties are to be affected by the decree to be rendered. The county is not only required, under the Election law, to be made a party defendant, but it is an indispensable party in any view of the question. It is the owner of the county property, and is required to provide county buildings, records and places for holding courts, and to make provision generally for the public business. No other party represents or is authorized to represent the public interests.

In the case of *Lusk* v. *Thatcher*, 102 Ill. 60, a bill to contest an election for the purpose of incorporating a village was dismissed because there was no party representing

the public interest, although no village officers had been elected upon whom service of process against the village could be had. Being a matter that concerned purely the public, it was held that a decree in regard to the election not including the public would conclude nobody. Cases are referred to where county seat contests have been carried on in which the county was not made a party, but it does not appear in any of those cases that the question was raised or decided.

So far as the county of Woodford is concerned, the suit was begun when the second amended bill was filed, February 2, 1895,—more than thirty days after the canvass was made and the result of the election was declared. (*Clark* v. *Manning*, 95 Ill. 580 ; *Bennitt* v. *Wilmington Star Mining Co.* 119 id. 9.) The time limit fixed by the statute had elapsed, and the county was entitled to the benefit resulting therefrom. The suit was a new one as against the county, and the right not having been availed of within the time prescribed, it was then too late. *Clark* v. *Manning, supra; Dunphy* v. *Riddle*, 86 Ill. 22 ; *Crowl* v. *Nagle*, id. 437.

For these reasons we think that the motion of the county to dismiss the bill as to it was properly sustained.

The suit having been dismissed as to the county, there remained no party before the court against whom a binding decree could be entered. The case is not one where one of several necessary parties may have been omitted and would not be concluded by the decree, and yet with parties before the court who would be bound, but it is one where the indispensable defendant was omitted. The interest of the county was of such a nature that no final decree could be made without affecting it. The one indispensable defendant being omitted, no final decree could be entered against those who remained in the suit, and as no decree could be entered the bill was properly dismissed as to the remaining defendants.

Some objection is made to the bill being dismissed on motion as to some of these parties; but the defect is one that the courts will themselves take notice of, although no demurrer be interposed for want of proper parties, and it was immaterial how it was brought to the attention of the court. *Herrington* v. *Hubbard*, 1 Scam. 569.

The decree of the circuit court will be affirmed.

*Decree affirmed.*