## T. F. McCarthy v. Otto A. Hetzner.

1. AMENDMENTS—*May be Made at any Time after Papers are Filed.* —A court has full jurisdiction and control over papers from the time they are filed, and can allow amendments at any time upon the application of the plaintiff.

2. APPELLATE COURT PRACTICE—*As to Matters Not Abstracted.*— Under its rules this court is not compelled to search the record for information in regard to a controverted point. Whatever an appellant desires to have the court pass upon should be fully abstracted, and in the absence of an abstract upon any point it will be presumed that the court below held properly.

3. PRACTICE—*Objections Should be Specific.*—A general objection to a chattel mortgage as evidence will not reach an objection that presumably might have been obviated if specifically pointed out. And this rule will apply to an objection that there was no proof that the justice taking the acknowledgment was a resident in the precinct where the property was situated.

4. SUIT—*When Considered as Commenced as to New Defendants Added by Amendment.*—If a new party be made defendant, under the practice act he must necessarily be brought in by summons, and that amounts to the commencement of a new suit, so far as he is concerned.

5. MORTGAGES—*Rights of Mortgagee Under Insecurity Clause.*— Under an insecurity clause of a chattel mortgage, a mortgagee is justified in feeling insecure when the property is taken on a distress warrant,

and has a right to immediate possession, otherwise the property might be sold and dissipated and the security lost.

**Replevin.**—Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896. Rehearing denied June 25, 1897.

BUTTERS, CARR & GLEIM, attorneys for appellant.

A mortgagee can not recover mortgaged property levied upon by a third party until condition broken, unless there is an insecurity clause in his mortgage. There being none of the covenants of the mortgage in question violated by the mortgagor, the right of the mortgagee to maintain this suit is given him only under the insecurity clause in this mortgage, and to recover a verdict in his favor, he must show that he had reason to, and did, feel himself unsafe or insecure, and that he had made demand on the person holding the property before he instituted this suit. Furlong v. Cox, 77 Ill. 293; Roy v. Goings, 96 Ill. 361.

The interest of a mortgagor in mortgaged property is always subject to execution and sale, provided there be no insecurity clause in the mortgage, and although there be an insecurity clause in the mortgage, where mortgaged property is levied upon, the mortgagee is not required to foreclose his mortgage; such levy, of itself, does not at once mature the note or mortgage, but only gives a right to the mortgagee to declare them due. "Until that affirmative act is done the rights, duties and obligations of all parties remain precisely the same as if the mortgage contained no such provision." Beach v. Derby, 19 Ill. 622; Wilson v. Rountree, 72 Ill. 570.

The acknowledgement does not show, nor was proof offered to show, that the justice who took the acknowledgment of the mortgage in question was a resident of, or held his office in, the township of Ottawa, and we submit, that under the rule of construction applicable in this case, no presumption arises that will supply the want of such proof, to meet the requirements of the statute. Beach v. Darby, 19 Ill. 622.

HALL & HAIGHT, attorneys for appellee.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was an action in replevin, by appellee against appellant, commenced January 7, 1895, in the first instance against Mary Mannix, and afterward, by leave of court, the papers were amended so as to add appellant, a constable, who held the property in question under a distress warrant issued by Mary Mannix against Thomas W. Dwyer, her tenant, and on the 15th day of January, 1895, by leave of court, the papers and summons were amended so as to include appellant as defendant.

This is assigned for error, but we think the court had the power to allow the amendment under the statute and under the general powers of the court.

It could be done before the defendants were served, and prior to the time the court acquired jurisdiction of the person of the defendant as well as afterward, and before the time arrived at which the summons was made returnable or the time when the cause stood for trial.

The court had full jurisdiction and control over the papers from the time they were filed in court, and could allow amendments at any time upon the application of the plaintiff.

The appellee claimed the property under a chattel mortgage from the same Thomas W. Dwyer, duly acknowledged and recorded, made long prior to the issuing of the distress warrant.

One of the main points of appellant's contention is that the mortgage failed to describe the property sufficiently so that it might be identified by the public and the creditors of Dwyer. We think the point is not well taken.

From what is stated on the argument on each side we are inclined to think that it would be held that the property was sufficiently described, but the appellant has failed to abstract the description in the mortgage, and we are not compelled by the rules of this court to search the record to see what the description is.

If appellant had desired to have this court pass upon its sufficiency he should have abstracted it. It will be presumed by us, in the absence of any abstract, that the court below held properly in regard to the sufficiency in the description.

It is also insisted that there was no proof that the justice of the peace taking the acknowledgement of the grantor in the mortgage was a resident in the Ottawa precinct, where the property was situated, but when the mortgage was offered in evidence there were other objections made to its introduction, but not this one, and now in this court this objection is made for the first time.

We think it comes too late. If the justice of the peace had not really resided in the precinct where the property was situate, the objection should have been made in the court below, and thus ended the litigation; and if the justice had so resided, fairness and good faith would have required the objection to have been made there, thus enabling the appellee to have made the proof if he could.

Objection was made to the introduction of the mortgage in evidence, but it was only a general objection, without specifying the objection now urged.

We think the objection now comes too late. Weber, for use, etc., v. Mick et al., 131 Ill. 520.

In that case it was held that general objection to an introduction of a mortgage did not put the party offering it upon the proof of the official character of the justice of the peace taking the acknowledgement of it, where, under the facts of the case, he would have been required to make the proof if such specific objection had been made.

We see no reason why so just a rule should not apply in this case. The objection in this case and in that go to the authority of the person taking the acknowledgement, and therefore we think the same rule should apply.

Another point of objection made by appellant is that there was no proof of demand, but we think the proof was sufficient to show that the demand was made before the suit was commenced, and beyond any doubt before the summons was served on the appellant and the property taken.

The appellant was not served with summons prior to January 15, 1895, and that is the day on which he was made a party. He was made defendant on that day, and demand was made on him for the property before he was made a party by being summoned.

He refused to give it up, and, therefore, the demand was made before the commencement of the suit as to him.

" If a new party be made defendant, under the practice act he would necessarily have to be brought in by summons, and that would be the commencement of a new suit, so far as he is concerned." U. S. Insurance Co. v. Ludwig, 108 Ill. 514; Lusk v. Thatcher, 102 Ill. 60; Wells on Replevin, 372, page 210.

We have no doubt, under the insecurity clause of the mortgage, appellee was justified in feeling himself insecure when the property was taken on distress warrant, and that he had a right to immediate possession, otherwise the property was in danger of being sold and dissipated and the mortgage security thereby lost.

The instructions of the court, given orally by agreement, we think were correct.

There are a few more technical objections, none of which we deem worthy of notice.

The judgment of the court below is therefore affirmed.