JACK LERNER *et al.*, Plaintiffs-Appellees, *v.* WILLIAM ZIPPERMAN,
Defendant and Counterplaintiff-Appellant.—(WAYNE PETERS, Defendant and
Counterdefendant-Appellee.)

First District (2nd Division)    No. 81-649

Opinion filed March 16, 1982.

Edward S. Lipsky, of Chicago (William Paul Jones, of Rock, Fusco, Reynolds & Heneghan, of counsel), for appellant.

Carol R. Thigpen and Thomas J. McCarthy, both of Chicago (Jenner & Block, of counsel), for appellee Wayne Peters.

Liebling & Hauselman, of Chicago (Martin F. Hauselman and Patricia O'Brien Norum, of counsel), for other appellees.

JUSTICE DOWNING delivered the opinion of the court:

This case comes before this court for a second time. In the initial decision, we held that the trial court erred in entering summary judgment for plaintiffs without requiring joinder of defendant Wayne Peters (Peters), whom we perceived as a necessary party to the action. Consequently, the trial court's decision was reversed and the case remanded. (*Lerner v. Zipperman* (1979), 69 Ill. App. 3d 620, 387 N.E.2d 946, *appeal denied* (1979), 79 Ill. 2d 612 (*Lerner I*).) *Lerner I* contains a recitation of the facts underlying the plaintiffs' cause of action and the proceedings taken pursuant thereto. The present summary of facts will touch only briefly upon such matters and will recite the events which followed this court's remand order in *Lerner I*.

Defendant William Zipperman (Zipperman), an attorney, alleged that he entered into a "partially oral and written" agreement with Peters on August 17, 1971. Pursuant to the alleged agreement, Zipperman was to sell Peters an insurance agency and part of his law practice for the sum of $75,000. Zipperman alleged that Peters paid him "the sum of $52,500 * * * leaving a balance due and owing * * * of $22,500." In reality, the money was apparently paid by plaintiffs, not Peters.

Plaintiffs alleged that each of them was solicited "by Zipperman" in December 1971 to buy an insurance agency. Each plaintiff deposited $7,500 (or $45,000 total) with Zipperman.[1]

Plaintiffs never received ownership of the insurance agency. Zipperman allegedly kept their money. Plaintiffs filed this action to recover those funds. There is no dispute that the same insurance agency was involved in these two transactions.

The trial court initially granted summary judgment to plaintiffs on

---

[1] At oral argument, we were informed that an additional individual, not a party to these proceedings, also invested $7,500, which would bring the total to $52,500, the identical amount Zipperman alleges he received "from Peters" on their alleged agreement. Apparently, Peters has never contributed his own funds to the kitty here, although the question is not free from dispute. See 69 Ill. App. 3d 620, 621 n.3.

their claim. In *Lerner I*, we reversed that determination solely because we believed Peters was a necessary party to the action in light of the then available facts. On remand, plaintiffs added Peters as a defendant. Some three months later, Zipperman filed a counterclaim against Peters for the $22,500 allegedly owed to Zipperman on their purported agreement. The trial court granted Peters' motions to dismiss both plaintiffs' action against him and Zipperman's counterclaim. The court also granted plaintiffs' renewed motion for summary judgment against Zipperman.

Zipperman appeals these determinations. He assigns as error the trial court's (1) dismissing Peters despite this court's holding in *Lerner I*; (2) dismissing Zipperman's counterclaim against Peters; and (3) granting plaintiffs' motion for summary judgment.

## I

Zipperman argues that the trial court erred in dismissing plaintiffs' complaint against Peters, claiming that *Lerner I* required Peters' presence in that action. In the alternative, Zipperman asserts the entire case must be dismissed if we hold that Peters, although a necessary party, was properly dismissed from plaintiffs' case.

In *Lerner I*, we held Peters was a necessary party because a judgment entered without his presence could prejudice his direct interests in the insurance agency and in the purported agreement with Zipperman.[2] (69 Ill. App. 3d 620, 623-24.) Upon remand, plaintiffs amended their complaint to add Peters as a defendant. Peters responded by disavowing any pecuniary interest in the controversy between plaintiffs and Zipperman, thus seeking his dismissal therefrom. Plaintiffs did not contest Peters' argument.

■■ In light of additional facts now available to us, we must reassess our initial perception of Peters' indispensibility to this case. Since Peters now flatly states he is unconcerned with the outcome of plaintiffs' suit against Zipperman, and since plaintiffs obviously have no interest in proceeding to seek recovery against Peters on their claim, we now hold that Peters is in fact not a necessary party to the plaintiffs-Zipperman action.[3] There is simply no apparent reason why Peters must be present as a co-defendant with Zipperman in this action. Consequently, the trial court committed no

---

[2] Of course, Peters' potential testimony as to his involvement with plaintiffs and Zipperman, essential to achieve a complete determination of the controversy, could be taken pursuant to subpoena or other means not requiring Peters' presence as a named party.

[3] We note in passing our perplexity as to why plaintiffs have not actively sought relief from Peters as well as Zipperman, since the record suggests Peters must have been involved in these transactions in some way. Additionally, we note that Zipperman had the chance to protect his interests against Peters from the outset of the case. His failure to do so in a timely fashion also raises some interesting questions.

error in dismissing plaintiffs' complaint against Peters on the valid ground that it failed to state a cause of action against him.[4]

■■ From this conclusion, we also hold that Zipperman's alternative agreement is without merit. Zipperman bases his argument that the entire case should be dismissed on the premise that Peters was a necessary party. The cases he cited in support, particularly *Village of Metamora v. Village of Eureka* (1896), 163 Ill. 9, 45 N.E. 209, and *Waupoose v. Kusper* (1972), 8 Ill. App. 3d 668, 290 N.E.2d 903, involve necessary parties. Since here we lack this underlying assumption, these cases are inapposite and Zipperman's entire argument falls. The action could proceed without Peters as a named defendant as there are still parties before the court against whom a binding decree can be entered.

## II

Zipperman contends the trial court erred in dismissing his counterclaim against Peters.

### A.

Zipperman first urges that Peters' motion to dismiss the counterclaim should have been denied for the sole reason that it combined a section 45 motion with a section 48 motion in a single pleading. (Ill. Rev. Stat. 1979, ch. 110, pars. 45, 48.) Peters' "motion to dismiss" states that it is filed pursuant to parts of section 48. One of the bases of the motion is that Zipperman's counterclaim "has failed to state a claim upon which relief can be granted," citing section 48(1)(i). Section 48(1)(i) allows filing of a motion to dismiss based upon "other affirmative matter avoiding the legal effect of or defeating the claim or demand." Failure to state a cause of action is not the type of matter which falls within the purview of section 48(1)(i). Rather, such a motion is to be made under section 45. (See *Michigan Avenue National Bank v. State Farm Insurance Cos.* (1980), 83 Ill. App. 3d 507, 512, 404 N.E.2d 426, *appeal denied* (1980), 81 Ill. 2d 593; *Andre v. Blackwell Electronics Industrial Co.* (1972), 7 Ill. App. 3d 970, 977, 289 N.E.2d 27; see also Laycock, *Dispositive Pre-trial Motions in Illinois*, 9 Loy. Chi. L. J. 823, 831-38 (1978).) Thus, despite Peters' protestations to the contrary, he has indeed filed a hybrid motion in this case.

■■ Nevertheless, this fact alone does not require denial of the motion. Nothing in *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 406, 312 N.E.2d 605, which disapproved of this procedure, mandates denial of the improper motion as the sanction for the impro-

---

[4] Since we can uphold the trial court's dismissal order on this basis, it is unnecessary for us to determine whether Peters could validly rely on a statute of limitations defense to plaintiffs' complaint against him. He raised this ground in his motion to dismiss.

priety. Instead, we believe the appellate court should assess the validity of a trial court's ruling on the merits of such improper motions on a case by case basis. Here, in light of the conclusions which follow, we find that summary reversal of the trial court's dismissal order is unwarranted.

### B.

Zipperman contends the trial court erred in dismissing the counterclaim based on Peters' reliance upon the statute of limitations. His argument is that the statute should yield when, as here, it allegedly conflicts with the "inflexible and absolute rule of necessary parties."

■■ We have already ruled that Peters is not a necessary party to plaintiffs' claim against Zipperman. Further, we find nothing in our decision in *Lerner I* which even implies that Peters would be a necessary party to this action solely for the purpose of allowing Zipperman to file a counterclaim against Peters. Consequently, the matter of a necessary party being irrelevant, it was required that Zipperman file such a counterclaim within the rules generally applicable to such pleadings. Zipperman's counterclaim rested upon an alleged "partly oral and partly written agreement" with Peters. Thus, Zipperman was required to file his counterclaim within five years after his claim accrued. (Ill. Rev. Stat. 1979, ch. 83, par. 16; see *Watson Lumber Co. v. Mouser* (1975), 30 Ill. App. 3d 100, 103, 333 N.E.2d 19, *appeal denied* (1975), 61 Ill. 2d 600.) Zipperman does not assert, nor do the facts show, that the statutory period had not run prior to the filing of the counterclaim. He therefore failed to show error in the trial court's ruling that the period had run. Further, Zipperman's argument concerning Peters' alleged failure to show he was prejudiced by Zipperman's delay in filing his claim is irrelevant. Prejudice is not a consideration where the statute of limitations defense is raised. In sum, the trial court correctly found that the applicable statute of limitations barred Zipperman's counterclaim against Peters. That pleading was rightly dismissed.[5]

### III

Zipperman contends the trial court erred in granting plaintiffs' renewed motion for summary judgment because (A) such order was null and void for failing to comply with the mandate of *Lerner I*, and (B) the standards for granting of summary judgment were not met here.

---

[5] Zipperman also argues that, contrary to the trial court's ruling, his counterclaim states a valid cause of action. Since that pleading must be dismissed because of the statute of limitations defense, we need not address this contention. For similar reasons, we will not decide whether the trial court erred in ruling that the doctrine of *laches* served to bar Zipperman's counterclaim.

## A.

Zipperman argues that by dismissing Peters from the case, the trial court failed to join a necessary party as required, thus rendering all further proceedings null and void. As discussed above, Peters is not a necessary party to this action. Consequently, nothing precluded the trial court from entering summary judgment for plaintiffs if the grounds for such ruling were presented.

## B.

■■ Zipperman claims plaintiffs' complaint is insufficient at law to serve as the basis for summary judgment. We disagree. Our examination of plaintiffs' third and final amended complaint indicates that plaintiffs have adequately, although quite inartfully, alleged the elements of a cause of action for the tort of conversion.[6] (See *Farns Associates Inc. v. Sternback* (1979), 77 Ill. App. 3d 249, 252, 395 N.E.2d 1103.) We reject Zipperman's generalized argument to the contrary.

Zipperman also asserts that there exist genuine issues of material fact which preclude entry of summary judgment under well-settled standards. We will not state in detail the facts of this case which arise in large part from the parties' pleadings and the affidavits of four of the plaintiffs (Hefter, Smith, Veron, and Winer) and of Zipperman. (A detailed recitation is found in *Lerner I.*) Briefly, Hefter, Smith, Veron, and Winer each stated that they tendered checks in the amounts of $7,500 per individual pursuant to a deal to purchase an insurance agency. Hefter gave a check made out to Zipperman to Smith, although he had never talked to Zipperman. Veron gave a check made out to Smith to the latter. Winer gave a check made out to Zipperman, but not at the latter's request. Smith admitted that he solicited all plaintiffs except Winer. Zipperman admitted endorsing checks made payable to him by Lerner, Hefter, and Frankel. Smith stated that he gave Zipperman $45,000 in checks. It is unclear whose checks these were.

■■ In our opinion, genuine issues of material fact are apparent from these facts. We need refer only to the most obvious factual question which is apparent: what was the basis for each plaintiff's transfer of $7,500, which

---

[6] It appears plaintiffs initially sought imposition of a constructive trust, but the case was transferred from the chancery division (where such an action would properly lie) to the law division (where a conversion action would be brought). The record is unclear as to the reasons for this court-ordered transfer. Statements made at oral argument before us intimated that the transfer may have resulted because plaintiffs could not prove the existence of a fiduciary relationship between themselves and Zipperman. We point out that the modern trend does not require this element in order to be granted the remedy of a constructive trust. (See *Village of Wheeling v. Stavros* (1980), 89 Ill. App. 3d 450, 454, 411 N.E.2d 1067, *appeal denied* (1981), 82 Ill. 2d 588.) We see no apparent reason why plaintiffs could not have pursued their constructive trust remedy under these facts.

1104

was either payable directly to or came into the possession of Zipperman? Only when this question is answered can it be determined that plaintiffs have established two of the elements of conversion: their right to the funds and their right to immediate, absolute and unconditional possession thereof. (*Farns Associates Inc. v. Sternback* (1979), 77 Ill. App. 3d 249, 252.) We believe a trial is necessary so that the presently murky details of the dealings of these parties can be sufficiently aired so as to allow a fair determination of the rights and remedies available. The trial court erred in entering summary judgment based upon the record in this case.

For all the above stated reasons, we affirm the trial court's dismissal of Peters from plaintiffs' complaint and from Zipperman's counterclaim. We reverse the entry of summary judgment for plaintiffs against Zipperman, and remand the case for trial on plaintiffs' single cause of action for conversion.

Affirmed in part; reversed and remanded in part.

STAMOS, P. J., and PERLIN, J., concur.