(No. 61430.—)

STUART FEEN, Appellee, v. FRED RAY *et al.* (Zion
State Bank & Trust Company, Appellant).

*Opinion filed December 20, 1985.*

Donald C. Lundquist, of Lundquist & Mitchell, of Zion, and Charles R. McKirdy, of Pope, Ballard, Shepard & Fowle, Ltd., of Chicago, for appellant.

Daniel K. Sinclair and Barbara B. Sinclair, of Sinclair & Sinclair, Ltd., of Zion, for appellee.

JUSTICE MILLER delivered the opinion of the court:

Stuart Feen, a taxpayer, filed a complaint on behalf of Zion-Benton Township High School District 126, alleging that Fred Ray and Zion State Bank and Trust Company fraudulently deprived the district of interest on district funds. Ray, a former member of the board of education of School District No. 126, was also an officer of Zion State Bank, in which most of the district's funds were kept. Subsequent to the dismissal of plaintiff taxpayer's original complaint and three amended complaints, plaintiff stipulated to the dismissal of the defendant school district from the lawsuit. Plaintiff then filed his fourth amended complaint, omitting the school district as a defendant. Defendants Fred Ray and Zion State Bank then moved to dismiss the fourth amended complaint, contending that the school district is an indispensable party, without which the case cannot proceed.

The circuit court of Lake County denied defendants' motion to dismiss. The circuit court, pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308), certified for interlocutory appeal the question of whether the school district was an indispensable party in this taxpayer's derivative suit. The appellate court denied the defendants' application for leave to appeal the issue. Defendant Zion

State Bank then filed a petition for leave to appeal to this court. We allowed the petition, pursuant to Rule 315 (94 Ill. 2d R. 315).

Plaintiff Feen initiated this action by filing suit as a class action on behalf of himself, as a taxpayer of the district, and all other persons similarly situated. Named as defendants in the original suit were Fred Ray, Zion State Bank and Trust Company, School District No. 126, and the Lake County regional superintendent of schools. Plaintiff contended that defendant Ray had violated his fiduciary duty to the school district during his tenure as treasurer of the district from July 1973 through June 1981. Plaintiff alleged that Ray, as district treasurer, had invested most of the district's funds into accounts in the Zion State Bank bearing little or no interest. Ray had been an officer of and a stockholder in Zion State Bank during the same period in which he served as treasurer of the school district. Plaintiff sought to recover, on behalf of the school district, interest lost by the district as a result of Ray's actions.

Plaintiff's first complaint was stricken as to the defendant regional superintendent of schools. Thereafter, plaintiff filed a first amended complaint, naming Fred Ray, Zion State Bank, and School District No. 126 as defendants. The amended complaint was dismissed for failure to state a cause of action. Plaintiff's second amended complaint was also dismissed as defective. Plaintiff filed a third amended complaint; defendants Ray and Zion State Bank responded by filing motions to dismiss, based upon plaintiff's failure to allege in the complaint that he had served upon the district a demand that the district bring suit against Ray. While defendants' motions were pending, plaintiff stipulated to an order dismissing School District No. 126 from the lawsuit, with prejudice to further action. Neither Fred Ray nor Zion State Bank objected to the district's dismissal. The

circuit court subsequently granted the motions of defendants Ray and Zion State Bank to dismiss plaintiff's third amended complaint. The court again allowed plaintiff leave to replead, but ruled that the plaintiff's fourth amended complaint would be his final opportunity to adequately state a cause of action.

Plaintiff's fourth amended complaint named Fred Ray and Zion State Bank as defendants. Zion State Bank filed a motion to dismiss this complaint, alleging that School District No. 126 was an indispensable party, the absence of which rendered plaintiff's complaint fatally defective. Fred Ray adopted this motion.

The circuit court denied the motion to dismiss. After the appellate court denied defendants' interlocutory appeal, we accepted Zion State Bank's petition for leave to appeal.

Taxpayers, such as plaintiff, possess an equitable right to bring suit to protect their interest in public funds. (*People v. Holten* (1919), 287 Ill. 225, 230-31.) It is a general rule of equity that all persons must be made parties to the suit who are legally or beneficially interested in the subject matter of the litigation, and who will be affected by the judgment, so that the court may dispose of the entire controversy. (*Oglesby v. Springfield Marine Bank* (1944), 385 Ill. 414, 422-23; *Riley v. Webb* (1916), 272 Ill. 537, 538-39.) It is generally accepted that, under fundamental principles of due process, a court is without jurisdiction to enter an order or judgment which affects a right or interest of someone not before the court. *Central National Bank v. Fleetwood Realty Corp.* (1982), 110 Ill. App. 3d 169, 182; *Lain v. John Hancock Mutual Life Insurance Co.* (1979), 79 Ill. App. 3d 264, 269.

The interests of School District No. 126 are not merely affected by the present litigation, but rather provide the entire basis for the lawsuit. The plaintiff taxpayer alleges that defendants harmed the school district as an entity, and he seeks to recover solely on behalf of

the district. Thus, plaintiff brings this action derivatively. He does not claim direct injury to himself. Where a taxpayer sets judicial machinery in motion in a derivative action, the direct injury to be remedied is not personal to the taxpayer. Rather, the right of action is that of the governmental entity. (See *Madison Metropolitan Sewerage District v. Committee on Water Pollution* (1951), 260 Wis. 229, 50 N.W.2d 424.) The plaintiff taxpayer has no individual rights which rise above those of the school district in this matter. See *City of New Orleans v. New Orleans Water Works Co.* (1891), 142 U.S. 79, 93, 35 L. Ed. 943, 948, 12 S. Ct. 142, 147; *Madison Metropolitan Sewerage District v. Committee on Water Pollution* (1951), 260 Wis. 229, 248-49, 50 N.W.2d 424, 434-35.

In *Metropolitan Sanitary District ex rel. O'Keeffe v. Ingram Corp.* (1981), 85 Ill. 2d 458, this court recognized the analogy between corporate shareholder and taxpayer derivative suits. The actions are similar because each derivative suit is based upon two causes of action: one lies against corporate directors or public officials for failing to sue, and the other against the alleged wrongdoers, based upon the cause of action belonging to the corporation or governmental body. Corporations or governmental entities are necessary parties in derivative actions, the court explained, because recovery runs in favor of them. (85 Ill. 2d 458, 472.) See, *e.g., Coyle v. Richter* (1931), 203 Wis. 590, 592, 234 N.W. 906, 907 (a municipality must be a party where a taxpayer seeks to recover money or property on its behalf); see also *Price v. Gurney* (1945), 324 U.S. 100, 89 L. Ed. 776, 65 S. Ct. 513 (corporations indispensable); *Stack v. Borelli* (1949), 3 N.J. Super. 546, 66 A.2d 904 (municipality indispensable); *Schulz v. Kissling* (1938), 228 Wis. 282, 280 N.W. 388 (town indispensable).

School District No. 126 does not lose its status as a necessary party merely because the district sought its

own dismissal from plaintiff's derivative action. It is a requirement of all taxpayer derivative suits that the governmental entity refused taxpayers' requests to enforce on its own the entity's cause of action. (*City of Chicago ex rel. Konstantelos v. Duncan Traffic Equipment Co.* (1983), 95 Ill. 2d 344, 355.) The school district's desire not to participate in the present action is not unlike other taxpayer derivative suits where governmental entities refuse in the first instance to sue in their own behalf.

The indispensable-party rule reflects a long-standing policy against affecting the rights and interests of absent parties who do not have an opportunity to protect their interests. (See *Shields v. Barrow* (1854), 58 U.S. (17 How.) 130, 15 L. Ed. 158.) Plaintiff suggests that School District No. 126 was aware that its interests were the subject of litigation, yet voluntarily excised itself from the case. Therefore, plaintiff maintains, the school district is not an indispensably necessary party to the present suit, because the policy underlying the indispensable-party rule has not been contravened.

In support of his position, plaintiff cites *Lerner v. Zipperman* (1982), 104 Ill. App. 3d 1098. In *Lerner*, defendant Zipperman entered into an agreement to sell his insurance agency to Peters for the sum of $75,000. Several persons agreed with Peters to contribute funds to the venture, in exchange for part ownership of the business. These persons paid $52,500 to Zipperman. Apparently, Peters contributed no funds of his own. Ownership of the agency was not conveyed to Peters. The contributors demanded that Zipperman return their money. These demands went unheeded, and plaintiffs sued Zipperman. The trial court granted summary judgment to plaintiffs, but the appellate court reversed, ruling that Peters was an indispensable party who must be joined in the suit. (*Lerner v. Zipperman* (1979), 69 Ill. App. 3d 620.) The plaintiffs amended their complaint, adding Peters as a

defendant. Peters disavowed any pecuniary interest in plaintiff's suit against Zipperman, and sought to be dismissed. The trial court granted Peters' motion. The appellate court affirmed the dismissal (*Lerner v. Zipperman* (1982), 104 Ill. App. 3d 1098), finding that Peters had stated that he was unconcerned with the outcome of the plaintiffs' suit, and therefore was an unnecessary party. Plaintiffs sought no recovery from Peters on their claim.

*Lerner* is distinguishable from the present case. In *Lerner*, Peters was able to effectively disclaim any rights against Zipperman, and thereby disconnect himself from the litigation. In the present case, however, the school district cannot separate its interests from the litigation, because it is the school district's rights and interests upon which plaintiff's derivative suit is based. In *Lerner*, the court noted that the action could proceed without Peters as a named defendant, since the parties before the court were those to whom recovery would run if they won on the merits of their case. (104 Ill. App. 3d 1098, 1100-01.) Here, however, absent the district, there is no party before the court to whom the court can award relief if plaintiff prevails on the merits.

The indispensable-party rule is premised upon more than protection of the interests of absent parties. (See Comment, *Indispensable Parties: Holding Absentees Indispensable for the Sake of Present Defendants*, 21 U. Chi. L. Rev. 286 (1954).) All persons with an interest in the suit should be joined "so as to enable the court to dispose of the whole controversy." (*Oglesby v. Springfield Marine Bank* (1944), 385 Ill. 414, 423.) Absent the presence of School District No. 126 in the present action, the court will be unable to dispose of the entire controversy before it. Because the school district is not before the court, the judgment in the present case would have no binding effect upon the district. (See *Provident Tradesmens Bank & Trust Co. v. Patterson* (1968), 390

U.S. 102, 19 L. Ed. 2d 936, 88 S. Ct. 733.) An entity is not bound by a judgment in a lawsuit in which it is not a party. (*Newberry Library v. Board of Education* (1944), 387 Ill. 85, 89.) The school district, therefore, would be free to relitigate the issues raised and decided in the present suit.

We acknowledge that dismissing a lawsuit because a plaintiff is unable to join all indispensable parties may lead to an untoward result. In the present case, however, the complaint brought by plaintiff Feen must be dismissed not because plaintiff was unable to bring an indispensable party into the suit, but rather because plaintiff voluntarily stipulated to the dismissal of an indispensable party from the litigation.

That neither defendant Ray nor defendant Zion State Bank objected to the dismissal of the school district from the suit is not significant. When an indispensable party is absent from a case, the court should not proceed to a decision on the merits, even though no objection is made by any party litigant. *Hobbs v. Pinnell* (1959), 17 Ill. 2d 535, 536; see *Beyerbach v. Juno Oil Co.* (1954), 42 Cal. 2d 11, 265 P.2d 1 (dismissal of corporation, an indispensable party, at any stage of proceedings in derivative action must result in discontinuance of suit).

Plaintiff suggests that the doctrine of representation excuses the school district from being a necessary party in this suit. In "representative" or "class" suits, one or more members of a class of plaintiffs may bring suit and thereby bind, on the basis of representation, other members of the class. (*Newberry Library v. Board of Education* (1944), 387 Ill. 85, 90.) The doctrine of representation applies where class members before the court have the same interests as members not before the court, and will be equally certain to bring forward and protect the absent members' interests. See *Mortimore v. Bashore* (1925), 317 Ill. 535.

In the present case, plaintiff Feen has brought suit on behalf of himself and all others who pay taxes to the school district. Although Feen may represent the interests of the class comprised of district taxpayers, the school district is not a member of this class.

Further, we find that the plaintiff taxpayer does not adequately represent the interests of the school district in this suit. The taxpayer, charged with financially supporting the district, is interested in seeing district tax revenues be managed wisely. The district, however, is concerned with numerous details of administration. Plaintiff feels that the district would benefit from the present case because the district might recover lost revenues. The district, however, has indicated that its interests would be better served were the suit dismissed, perhaps because potential benefits recoverable do not warrant the burden imposed by this lawsuit. In light of plaintiff's lengthy discovery requests, the burden imposed on the school district by the present suit is substantial.

Because the interests of the plaintiff and the school district are different, plaintiff's most diligent efforts in pursuing his claims as a taxpayer cannot abrogate, under the doctrine of representation, the necessity of the district as a party to this litigation.

For the reasons stated, we conclude that School District No. 126 is an indispensable party whose absence is not excused from this litigation. Therefore, we reverse the order of the circuit court of Lake County, and remand to the circuit court with instructions to grant defendants' motions to dismiss.

*Reversed and remanded,*
*with directions.*