**Walter E. RYAN and Bernard McKay, taxpayers for themselves and all others similarly situated, in the name of and for the benefit of the State of Illinois, Plaintiffs,**

v.

**Jerome COSENTINO, Treasurer, State of Illinois, Federal Deposit Insurance Corporation, as Receiver for Cosmopolitan National Bank of Chicago, Fast Motor Service, Inc., James E. Wells, Gerald J. DeNicholas, Alex Vercillo, Brown Leasing Company, and Terry N. Brown, Defendants.**

No. 91 C 3725.

United States District Court,
N.D. Illinois, E.D.

June 5, 1992.

Roger Philip Flahaven, Chicago, Ill., for defendants.

Clinton A. Krislov, Chicago, Ill., for plaintiffs.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

Plaintiffs are before the Court on their motion to add the State of Illinois as a necessary party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure. Rule 19(a) reads:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest.

As authority for the proposition that the state is a necessary party in a citizen suit brought on the state's behalf, the plaintiffs rely on an opinion by the Illinois Supreme Court with strikingly similar facts. *Feen v. Ray*, 109 Ill.2d 339, 93 Ill.Dec. 794, 487 N.E.2d 619 (1985), involved a taxpayer suit against the treasurer of a school district, who had allegedly invested most of the school district's funds into low or non-interest bearing accounts at a bank of which he was an officer and stockholder. The Illinois Supreme Court reasoned that taxpayer derivative suits are analogous to shareholder suits in the corporate context. Because recovery runs in favor of the corporation or the governmental entity in derivative actions, the Court held that they are necessary parties. 93 Ill.Dec. at 796, 487 N.E.2d at 621.

The Court's conclusion was based on equitable principles. Thus, the Court found that the taxpayers' standing to sue on the school district's behalf arose from the *"equitable* right to bring suit to protect their interest in public funds." *Id.* at 795, 487 N.E.2d at 620 (emphasis added). Similarly, the Court's conclusion that both corporations and taxpayers are necessary parties in derivative actions was based on the "general rule of equity that all persons must be made parties to the suit who are legally or beneficially interested in the subject matter of the litigation, and who will be affected by the judgment, so that the court may dispose of the entire controversy." *Id.* at 795, 487 N.E.2d at 620. The Illinois Supreme Court decided *Feen*, which was so clearly grounded in equitable principles, in 1985.

It was against the backdrop of *Feen*, that the Illinois General Assembly granted to citizens the right to bring suit on behalf of the State to recover funds fraudulently obtained from the State. Ill.Rev.Stat. ch. 110, § 20–104. The provision granting this

right of action is part of Article XX, denominated "Recovery of Fraudulently Obtained Funds," and has an effective date of July 1, 1987.

The procedure for bringing a citizen suit under § 20–104 includes demand on the appropriate government official, but does not indicate what a proceeding undertaken by a citizen on the State's behalf does to the State's right to collect damages for itself. This statutory scheme is relatively new, and this Court has found no cases interpreting its provisions. Therefore, the Court is in the position of interpreting the intent of the Illinois General Assembly.

■ Considering the citizen action provision, § 20–104(b), in light of *Feen* and the statutory scheme as a whole, it seems clear that the General Assembly intended that a citizen proceeding on the State's behalf succeed to all of the rights originally granted the State. In other words, once a citizen has made demand on the State and the State has indicated its refusal to proceed, by action or inaction, the citizen steps into the shoes of the State and assumes all of the State's rights to recover the funds at issue to the exclusion of subsequent State action.

To interpret § 20–104 otherwise would be to render the rights of the citizen a nullity, in spite of a clear statutory framework to the contrary. If the citizen did not stand in the shoes of the State in bringing the action, the citizen and the courts would be faced with the problem of duplicative and possibly conflicting litigation, with the State bringing a claim identical to the present action on its own behalf—in either state or federal court. This, then, would lead to the ensuing problem of inconsistent judgments. The legislature could not have intended to leave to the State the right to wreak havoc in litigation filed under § 20–104. It defies logic to assume that the legislature intended that, after failing to act, the State could bring a subsequent action effectively sabotaging any litigation filed pursuant to § 20–104(b).

■ This returns the Court to the question of whether this citizen suit is analogous to a shareholder derivative action

brought on behalf of an unwilling corporation. In a shareholder derivative action, a corporation that is unwilling to bring suit on its own behalf is an indispensable party under Rule 19(a) and must be aligned as a defendant. *Bagdon v. Bridgestone/Firestone, Inc.,* 916 F.2d 379, 382 (7th Cir.1990), *citing Smith v. Sperling,* 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957). Therefore, the State of Illinois should be brought in as a defendant in this action.

■ The State argues, however, in opposition to the plaintiffs' motion, that bringing the State into the action as a defendant would violate the Eleventh Amendment, because it would constitute an action "against one of the United States." Under *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), a suit is against the sovereign for purposes of the Eleventh Amendment, if " 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act.' " *Id.* at 100 n. 11, 104 S.Ct. at 908 n. 11, *citing Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963).

On the facts of this case, *Pennhurst* is not implicated. Under § 20–104, the State's rights acceded to the citizen. Therefore, it is not this Court's proceedings that restrain the State from acting, but rather the statutory scheme of Article XX, which allows the State to waive its rights in favor of a citizen litigant. The only "right" which may be affected by the proceedings before this Court is the right to disrupt pending litigation.

■ If there are no Eleventh Amendment problems, the plaintiffs argue for joinder of the State as a nominal defendant. This Court hesitates to rely solely on the analogy of this derivative action to that of a shareholder derivative action against a corporation, and, so to declare on the strength of that analogy alone that the State should be brought in as a necessary party. It seems clear, however, that with-

out the State "complete relief cannot be accorded among those already parties," as stated in Rule 19(a). For example, if the State is not brought in as a nominal party, the lack of access to State documents for discovery purposes may greatly impede the plaintiffs' ability to act successfully on behalf of the State.

In sum, because the Eleventh Amendment is not at issue, the plaintiffs, may bring in the State as a nominal party. Joinder of the State, rather than forcing the State to act, will afford the State the opportunity to monitor the litigation and participate to the extent it wishes in the proceedings, because it will allow the State to have counsel appear and to receive notice of all proceedings.[1]

Accordingly, the plaintiffs' motion to join the State of Illinois as an additional party defendant, pursuant to Rule 19(a) of the Federal Rules of Civil Procedure, is granted. Plaintiff is granted leave to file an amended complaint, to that end, within twenty-one days.

---

1. Because this action had been brought by the citizens on the State's behalf, the Court assumes that the State will not act against its interests by interfering with counsel's preparation and presentation of the case.